727 P.2d 1291

**Robert BISSETT, Plaintiff-Appellant,**

v.

**UNNAMED MEMBERS OF the POLITICAL COMPACT, d/b/a "Community Hospital," Defendants-Respondents.**

**No. 16022.**

Court of Appeals of Idaho.

Nov. 5, 1986.
Petition for Review Denied
Dec. 16, 1986.

Robert Bissett, appellant pro se.

Michael K. Branstetter, Wallace, for defendants-respondents.

PER CURIAM.

This is an appeal from a district court decision upholding a magistrate's dismissal of a civil action. The appeal, like the earlier appeal to the district court, presents a host of procedural attacks upon the magistrate's order. It also presents a substantive issue relating to the free exercise of religion. For reasons explained below, we affirm the decision of the district court.

The essential facts are undisputed. Robert Bissett was treated for acute appendicitis at the Bonners Ferry Community Hospital, a county facility. Subsequently, the hospital filed a small claims action against him, seeking to collect approximately $1,500 for hospital care. Bissett responded by filing an action against the hospital's officers, whom he denominated as "Unnamed Members of the Political Compact." He sought damages allegedly resulting from abuse of process, malicious prosecution, defamation and denial of due process in connection with the small claims litigation. The two cases temporarily were consolidated in the magistrate division. However, Bissett's suit later was dismissed because it failed in several respects to withstand scrutiny under the Idaho Tort Claims Act. Following that dismissal the small claims action was returned to the small claims department. Its eventual disposition is not germane here. After dismissing Bissett's suit, the magistrate awarded attorney fees and costs to the defendants. Bissett appealed the dismissal and the

award, but both were affirmed. This appeal followed.

Bissett asks us to decide twenty-one issues. However, we find that many are overlapping or facially without merit. Some go beyond the issues raised before the district court and may not be considered here. See, e.g., Centers v. Yehezkely, 109 Idaho 216, 706 P.2d 105 (Ct. App.1985).

■ We turn first to the underlying basis of Bissett's claim against the defendants—his belief in a "theistic kingdom world view." Bissett maintains that this religion prevents him from recognizing the authority of any secular governmental entity such as a county or state. He contends that the hospital, through its bill collection efforts, has undertaken to compel his submission to county authority and indirectly, has attempted to force his acknowledgement of state authority in the court system as well as federal authority in the coining and printing of money.

The strictures of the "theistic kingdom world view," as represented to us in this case, appear to be the same as those we recently discussed in *Bissett v. State of Idaho*, 111 Idaho 865, 727 P.2d 1293 (Ct. App.1986). There we examined the contention of Kenneth Bissett that the State of Idaho, the County of Boundary and the City of Bonners Ferry impermissibly abridged his freedom of religion by enforcing statutes relating to drivers' licenses, vehicle license plates and proof of liability insurance. The First Amendment analysis set forth in that decision need not be reiterated here. It is sufficient to say in this case that the county hospital's collection of fees for providing health care, the state's maintenance of a court system for adjudicating disputes, and the federal government's regulation of legal tender for paying debts all relate to overriding governmental interests and are essential to those interests. Although such governmental activities may incidentally affect Bissett's practice of his religion, they do not imper-

missibly encroach upon First Amendment values.

We next address Bissett's contention that the magistrate should have granted him a default judgment when the defendants failed to answer his complaint in twenty days. After the suit was commenced, the hospital requested leave for an extension of time to answer. Leave was granted. The hospital's first responsive pleading was a motion to dismiss which, as previously discussed, also was granted. Rule 12(b)(6), I.R.C.P., governs motions to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b) provides that such a defense may be presented in the first responsive pleading or in a motion. Rule 12(a) states that the time period allowed for filing a responsive pleading is altered by the filing of a motion allowed under the rule. The time period was so altered in this case. Therefore, the magistrate did not err in refusing to find the hospital in default.

■ Next, Bissett claims that the hospital should have been barred from suing in the small claims department because it is not a natural person. The district court rejected that contention upon the following analysis:

(1) Article 1, section 18, of the Idaho Constitution provides for courts of justice to be open for every person;

(2) A corporation is a person with the ordinary rights of a person. *Payette Lakes Protective Association v. Lake Reservoir Co.*, 68 Idaho 111, 189 P.2d 1009 (1948).

(3) Counties are true public corporations. Peterson v. Bannock County, 61 Idaho 419, 102 P.2d 649 (1940).

(4) A county is a public corporation and as a public corporation it can sue and be sued. Idaho Code §§ 31–601 and 604.

(5) A county hospital is authorized to employ a Chief Executive Officer who may institute suit on behalf of the hospital to recover a debt or monies due. Idaho Code § 31–3609.

(6) There is no prohibition under Idaho Code §§ 1–2301 et seq prohibiting corporations, public or private, from availing itself of the Small Claims Department of the District Court.

We agree with the district court and adopt its reasoning.

*Bissett* also asks us to review the award of attorney fees and costs in the trial court. We find no basis to overturn the award of costs. As to attorney fees, it appears that Bissett failed to object in the manner prescribed by I.R.C.P. 54(d)(6). Consequently, any objection was waived. *Fearless Farris Wholesale Inc. v. Howell*, 105 Idaho 699, 672 P.2d 577 (Ct.App.1983).

■ The respondents have requested a further award of attorney fees on appeal pursuant to I.C. § 6–918A, part of the Idaho Tort Claims Act. The statute allows a governmental entity or its employees to receive an attorney fee award only if it appears, "by clear and convincing evidence," that litigation has been conducted against them in "bad faith." This is an exceptionally rigorous standard. Although we think the appeal has been taken on dubious grounds, we do not think it warrants a fee award under the statute.

The district court's decision on appeal, upholding the dismissal of Bissett's action, is affirmed. Costs to the respondents. No attorney fees on appeal.