938 P.2d 1255

**Ralph SHETTEL and Madonna Shettel, husband and wife, Plaintiffs–Counterdefendants–Respondents,**

v.

**Herbert BAMESBERGER and Helen Bamesberger, husband and wife, Defendants–Counterclaimants–Appellants,**

No. 22725.

Court of Appeals of Idaho.

March 26, 1997.

Rehearing Denied May 6, 1997.

Petition for Review Denied
June 19, 1997.

Alexanderson, Davis, Rainey & Whitney, Caldwell, for appellants. Ronald P. Rainey, argued.

Smith, Beeks & Hodges, Twin Falls, for respondents. Micky D. Hodges, argued.

PERRY, Judge.

In this case we are asked to review the district court's order affirming the magistrate's decision quieting title and awarding attorney fees. We affirm.

## I.

### FACTS AND PROCEDURE

This case involves a dispute over the boundary line between two farms in Twin Falls County. Ralph and Madonna Shettel

own an 80–acre farm to the north of the 160–acre farm owned by Herbert and Helen Bamesberger. The Bamesbergers bought their property in 1961. The Shettels purchased their farm in 1984. At the point where the two properties meet there are two ditches which run parallel to each other approximately four feet apart. One is an irrigation ditch, also called a live water ditch, which serves the Shettels' property. The other is a drainage ditch constructed by Herbert Bamesberger (Bamesberger). Ralph Shettel (Shettel) annually erected an electric fence between the two ditches to enclose his farm for grazing cattle. In the fall of 1992, Shettel suggested that the parties erect a permanent fence between the properties. Bamesberger was opposed to the idea, contending a permanent fence may encourage weed growth. Shettel pursued the idea and hired a surveyor.

The surveyor marked the surveyed boundary line with surveying stakes, which were removed by Bamesberger. The stakes were replaced, apparently without being properly aligned. Shettel started constructing a barbed wire fence along the surveyed boundary line. Bamesberger destroyed part of the permanent fence. The Shettels filed a civil complaint seeking to quiet title at the ditch bank up to the survey line, monetary relief for damage done to the fence and an injunction against further interference with the erection of a fence. The Bamesbergers answered the complaint and filed a counterclaim, alleging that they had a right to title in the disputed property up to the ditch.

The case proceeded to trial. Bamesberger claimed on the first day of trial that the boundary line should be one foot south of the irrigation ditch's bank. Bamesberger admitted at trial that Shettel ran an electric fence approximately two feet south of the irrigation ditch each year for eight years. Bamesberger also indicated that Shettel sometimes left the electric fence up all year. Shettel testified that he had been on the property since 1984, approximately ten years prior to the date of trial, and that he had left the electric fence up year-round for six of those years.

Shettel also stated that he grazed his cattle up to the electric fence. According to Shettel, the current fence line is located in approximately the same place that he had previously run the electric fence. On the second day of trial, Bamesberger stipulated that the terminal points of the boundary line as provided in the parties' deeds were properly determined by the Shettels' surveyor. Bamesberger continued to allege, however, that the proper boundary line was not that described in the deeds, but rather one established by an equitable means. Bamesberger returned to the stand late in the trial. At that time he discussed some fence posts which he unearthed while digging in the irrigation ditch and claimed that these posts had some relation to the correct boundary line.

The magistrate determined that title should be quieted in the Shettels and granted them an injunction against further interference by Bamesberger, so long as the Shettels' fence was constructed in a straight line between the terminal points established by the survey. The magistrate also determined that the Shettels were entitled to $456 in damages, as well as attorney fees and costs. The Bamesbergers' counterclaims were denied.

The Bamesbergers appealed the magistrate's decision. The district court, on intermediate review, affirmed the merits of magistrate's decision, but remanded for further findings of fact regarding the attorney fee award. The magistrate issued an amended order with additional findings and awarded the Shettels attorney fees incurred during the appeal to the district court. The district court then affirmed the magistrate's decision in its entirety. The Bamesbergers now appeal.

## II.

## ANALYSIS

### A. Boundary Line

The Bamesbergers argue that the magistrate erred in concluding that the Shettels

were entitled to quiet title and that the district court erred in affirming the magistrate's decision in that regard. On appeal, the Bamesbergers do not assert that the magistrate misapplied the applicable law, but instead question the factual findings of the magistrate.

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). An appellate court will defer to findings of fact based upon substantial evidence, but will review freely the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Staggie v. Idaho Falls Consol. Hosps., Inc.,* 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986). Credibility of witnesses is a question for the trier of fact. *Rasmussen v. Martin,* 104 Idaho 401, 404, 659 P.2d 155, 158 (Ct.App. 1983).

The Shettels provided copies of the deeds to both parcels, which contained the legal descriptions of the properties, and the results of a survey to establish legal title. Bamesberger stipulated on the second day of trial to the accuracy of the surveyor's identification of the terminal points of the boundary. Although there was some dispute as to the accuracy of the line staked between those points, Bamesberger agreed that a straight line between those points would constitute the legal boundary. Hence, there is substantial evidence in the record to support the magistrate's finding that the Shettels had "succeeded in establishing the legal boundary between the parties according to their respective deeds".

The magistrate went on to examine the Bamesbergers' claims that the actions of the parties had established a different boundary under an equitable doctrine. The magistrate found that the Bamesbergers' references to the ditch as the boundary were so inconsistent and unspecific that they failed to establish any identifiable boundary line. The magistrate also determined that the evidence did not support a finding that a boundary had been established by agreement of the parties or their predecessors. *See Morrissey v. Haley,* 124 Idaho 870, 873, 865 P.2d 961, 964 (1993); *Wells v. Williamson,* 118 Idaho 37, 41, 794 P.2d 626, 630 (1990). The magistrate further found that the Bamesbergers had not satisfied the requirements of adverse possession or prescriptive easement. *See* I.C. § 5–210; *Rice v. Hill City Stock Yards Co.,* 121 Idaho 576, 580, 826 P.2d 1288, 1292 (1992); *Oakley Valley Stone, Inc. v. Alastra,* 110 Idaho 265, 268, 715 P.2d 935, 938, (1985); *Winn v. Eaton,* 128 Idaho 670, 673, 917 P.2d 1310, 1313 (Ct.App.1996); *Capps v. Wood,* 117 Idaho 614, 619, 790 P.2d 395, 400 (Ct. App.1990). Specifically, the magistrate found that the Bamesbergers had not enclosed or improved the disputed portion of the ditch bank, the Bamesbergers' maintenance and use of the drainage ditch was beneficial to the Shettels' interests and the Bamesbergers use of the irrigation ditch's bank in maintaining the drainage ditch was permissive. The magistrate determined that the Bamesbergers had failed to present the evidence necessary to support any of their claims to the property.

On appeal, the Bamesbergers emphasize the testimony given by Herbert Bamesberger, which they claim disputes the above findings. We note that the magistrate carefully considered the credibility of this witness. The magistrate found that it appeared that "[Herbert] Bamesberger was willing to change his testimony according to the legal theory his attorney was trying to advance at that time." We will not reconsider the issue of credibility on appeal. Further, in addition to proof of legal title, Shettel testified that he had enclosed the disputed portion of the ditch bank for several years via an electric fence. He also testified that he grazed cattle up to the electric fence. The equitable theories forwarded by the Bamesbergers actually provide further support for the Shettels' claim of ownership.

After a thorough review of the record, we conclude that substantial, competent, although conflicting, evidence exists to support the magistrate's findings of fact. Accordingly, we affirm the magistrate's order quieting title in the Shettels.

## B. Attorney Fees Accrued During Trial and Intermediate Review

■ As noted above, the magistrate found that the Bamesbergers failed to propose a plausible boundary line. The magistrate noted that the Bamesbergers' pleadings and testimony were inconsistent, internally and with each other. The magistrate further determined that defense of the Shettels' quiet title action and pursuit of counterclaims to establish a boundary by equitable means were frivolous, particularly in light of the fact that the Bamesbergers had not identified a boundary line in their arguments. The magistrate entered an award of fees to the Shettels pursuant to I.C. § 12–121.

The Bamesbergers appealed to the district court. In their briefing to the district court, the Bamesbergers relied largely upon the trial testimony by the Bamesbergers' son, Paul. The district court determined that the magistrate properly quieted title in the Shettels. The district court determined, however, that Paul's testimony may have enunciated an identifiable boundary which was being proposed by the Bamesbergers, so that pursuit of this matter may not have been frivolous. The district court concluded that the case should be remanded for further findings by the magistrate regarding this issue.

Upon remand, the magistrate determined that the portion of the testimony cited to the district court by the Bamesbergers had been taken out of context and that in context the testimony failed to present a plausible boundary. The magistrate indicated that the Bamesbergers acted unreasonably in challenging the Shettels' survey throughout the pre-trial proceedings, discovery and the first day of trial, and then stipulating to its accuracy on the second day of trial. The magistrate also determined that the Bamesbergers failed to

present evidence adequate to support any of their equitable doctrine claims. Further, the inconsistency of the Bamesbergers' claims of a proposed boundary indicated to the magistrate that the case was pursued in an unreasonable manner. The magistrate renewed the award of attorney fees for proceedings before that court.

■ The magistrate, pursuant to the remand order by the district court, then considered whether attorney fees should be awarded for the Bamesbergers' appeal to the district court. The magistrate granted the Shettels attorney fees for their defense of the appeal. The Bamesbergers challenge the magistrate's award of attorney fees incurred in the magistrate's division and on appeal to the district court.

Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a court may award attorney fees to the prevailing party where it finds that "the case was brought, pursued or defended frivolously, unreasonably or without foundation." When determining who the prevailing party is for purposes of attorney fee awards, the court must examine: the final result obtained in relation to the relief sought, whether there were multiple claims or issues and the extent to which either party prevailed on each separate issue or claim. *Fellowship Tabernacle, Inc. v. Baker,* 125 Idaho 261, 264, 869 P.2d 578, 581 (Ct.App.1994). An award of attorney fees incurred during trial under I.C. § 12–121 rests within the discretion of the trial court. *Chenery v. Agri–Lines Corp.,* 115 Idaho 281, 287, 766 P.2d 751, 757 (1988); *Fellowship Tabernacle,* 125 Idaho at 264, 869 P.2d at 581.

An award of attorney fees for pursuit of an appeal is appropriate where the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Pass v. Kenny,* 118 Idaho 445, 449, 797 P.2d 153, 157 (Ct.App.1990). An appeal should do more than simply invite the appellate court to second guess a trial court on conflicting evidence. *Krebs v. Krebs,* 114 Idaho 571, 576, 759 P.2d 77, 82 (Ct.App.1988). *See also Pass,* 118 Idaho at 449, 797 P.2d at 157.

Upon remand, the magistrate reviewed the course of litigation with great detail. The magistrate determined that the Shettels had prevailed. The magistrate found that the Bamesbergers' claims and defenses were frivolous. After a thorough review of the record, we conclude that the award of attorney fees incurred before the magistrate was not an abuse of discretion.

Pursuant to direction by the district court, the magistrate also awarded the Shettels attorney fees accrued upon appeal to the district court. The magistrate reasoned that the appeal was unreasonable, in that the Bamesbergers sought to have the district court reinterpret conflicting evidence. We conclude that the magistrate properly determined that the Shettels were entitled to attorney fees for the appeal. Although the district court did not make extensive findings regarding the award of fees for the appellate proceedings, the direction to the magistrate to consider the issue along with the affirmance of the order awarding attorney fees indicates that the district court considered the matter appropriately. *See Evans v. Sawtooth Partners*, 111 Idaho 381, 388, 723 P.2d 925, 932 (Ct.App.1986). We affirm the award of attorney fees for the proceedings before the magistrate and the district court.

## C. Costs and Attorney Fees for this Appeal

■ The Shettels are the prevailing party in this action and, therefore, are entitled to costs. I.A.R. 40. Both parties request attorney fees on appeal. As noted above, an appeal should do more than invite the appellate court to second-guess the trial court on conflicting evidence. *Krebs*, 114 Idaho at 576, 759 P.2d at 82. In light of the fact that this appeal challenged only the magistrate's findings, which were based on substantial competent evidence presented at trial, and the determination of witness credibility, we award the Shettels attorney fees accrued in defense of this appeal.

## III.

## CONCLUSION

The Bamesbergers argued before the magistrate that the legal boundary between the parties had been altered through equitable means. The magistrate determined, based upon substantial competent evidence, that the Shettels held legal and equitable title to the disputed property. The district court affirmed the order of the magistrate quieting title. We affirm the order quieting title and the award of attorney fees for the proceedings below. We also award costs and attorney fees accrued during this appeal to the respondents, the Shettels.

WALTERS, C.J., and LANSING, J., concur.