99 P.3d 1092

E. Brent NELSON and Robin J. Nelson, husband and wife, Plaintiffs–Appellants–Cross Respondents,

v.

ANDERSON LUMBER COMPANY, a Utah corporation, Edward Wicher, Western Wholesale Supply Company, Inc., an Idaho corporation, Defendants–Respondents–Cross Appellants–Cross Respondents,

and

Fremont County, a political subdivision, and Charles Allen, Fremont County Building Inspector, Defendants–Respondents–Cross Respondents,

and

Intermountain Building Panels, an Idaho limited liability corporation, Defendant–Respondent–Cross Appellant,

and

William Steinbruegge, d/b/a Apex Home Construction, and Design Gallery, Inc., Defendants.

No. 29460.

Court of Appeals of Idaho.

May 24, 2004.

Hopkins, Roden, Crockett, Hansen Hoopes, Idaho Falls, for appellants-cross respondents. Teresa L. Sturm argued.

Moffatt, Thomas, Barrett, Rock Fields, Chtd., Idaho Falls, for respondent-cross appellant Anderson Lumber Co. Bradley J. Williams argued.

Holden, Kidwell, Hahn & Crapo, PLLC, Idaho Falls, for respondents-cross appellants

Wicher and Western Wholesale Supply Co. Frederick J. Hahn, III, argued.

Anderson, Nelson, Hall & Smith, Idaho Falls, for respondents-cross respondents Fremont County and Allen. Joel E. Tingey argued.

Fredericksen, Williams & Meservy, Jerome, for respondent-cross appellant Intermountain Building Panels. John B. Lothspeich argued.

PERRY, Judge.

E. Brent Nelson and Robin J. Nelson (the Nelsons) appeal from the district court's orders granting summary judgment and awarding costs to Anderson Lumber Company, Edward Wicher, Fremont County, Charles Allen, and Intermountain Building Panels (IBP). Additionally, the Nelsons appeal from the district court's order awarding costs and attorney fees to Western Wholesale Supply Company, Inc. Anderson, Wicher, and IBP cross-appeal the district court's orders denying attorney fees. Western Wholesale cross-appeals from the district court's determination of the amount of attorney fees. For the reasons set forth below, we affirm the district court's orders granting motions for summary judgment and awarding costs and the district court's order awarding costs and attorney fees to Western Wholesale. We reverse the district court's orders denying attorney fees to Anderson, Wicher, and IBP and remand to the district court for further proceedings.

## I.

### FACTS AND PROCEDURE

The Nelsons owned a parcel of land in Island Park, Idaho, and intended to construct a cabin on the property. The Nelsons visited a fair booth at which William Steinbruegge promoted his personal business, Apex Home Construction, and advertised his ability to secure building materials for construction projects. In 2000, the Nelsons contacted Steinbruegge to discuss the construction of their cabin. The Nelsons wanted to use a wall panel system in the construction of the cabin, as publicized by Steinbruegge at the fair booth. The Nelsons contracted with Steinbruegge to design the cabin and procure the necessary materials to build the cabin. Brent Nelson intended to perform the actual construction of the cabin himself. The Nelsons did not hire an architect or engineer to assist in the construction project.

To fulfill his contract with the Nelsons, Steinbruegge ordered panel designs and wall panels from IBP. Prior to delivering the panels, IBP retained Wicher, an employee of Western Wholesale, to review the panel designs. Wicher, an engineer, reviewed the designs and stamped them with his name. Steinbruegge also purchased lumber and a flooring system for the cabin from Anderson under Steinbruegge's general account. Anderson delivered the materials to the Nelsons' residence located in Firth, Idaho, not to the property in Island Park.

The Nelsons submitted an application for a building permit to Fremont County. In addition to the application materials, the Nelsons included a copy of the panel designs from IBP. The Nelsons had not yet received the designs for the flooring system from Anderson. Fremont County issued the Nelsons a permit indicating that Allen, the county building inspector, had completed a plan review check sheet based upon the materials the Nelsons submitted with their application.

After Brent Nelson and his son completed the construction of the cabin's structure, Allen visited the property in Island Park and informed the Nelsons that the structure of the cabin did not meet the snow load requirements for that location. In order to comply with the requirements, the Nelsons hired an engineer and reinforced the structure of the cabin.

The Nelsons filed a complaint alleging breach of contract, negligence, breach of express and implied warranties, and breach of the implied warranties of fitness and merchantability.[1] Steinbruegge failed to file an answer to the complaint and a default judg-

---

1. Design Gallery, Inc., named as a defendant, was thereafter dismissed as an improper party and is not a party on appeal.

ment was entered against him. Anderson, Wicher, Western Wholesale, Fremont County, Allen, and IBP filed motions for summary judgment. At a hearing on the motions, the Nelsons conceded that they did not have a cognizable claim against Western Wholesale and requested the opportunity to file an amended complaint.

In August 2002, the district court granted Western Wholesale's motion for summary judgment. Western Wholesale requested costs and attorney fees pursuant to I.R.C.P. 54 and I.C. § 12–121. The district court awarded costs and attorney fees, concluding that the Nelsons had pursued the claims against Western Wholesale unreasonably, frivolously, or without foundation. However, the district court limited the amount of fees, finding the amount requested by Western Wholesale unreasonable.

The district court granted the Nelsons' request to file an amended complaint. The amended complaint omitted allegations against Western Wholesale and provided a more detailed explanation of the claims against Fremont County and Allen. The Nelsons alleged that Fremont County and Allen were negligent and that they breached a contract.

In September 2002, the district court granted Fremont County's and Allen's motions for summary judgment. The district court found that I.C. § 6–904 provided Fremont County and Allen immunity for negligent acts arising from issuing a permit and that the Nelsons had failed to demonstrate that Fremont County or Allen acted with malice, criminal intent, with gross negligence or with reckless, willful and wanton conduct. The district court also found that no contract existed between the Nelsons and Fremont County or Allen. Fremont County and Allen requested costs and attorney fees pursuant to I.R.C.P. 54. The district court awarded costs to Fremont County and Allen but denied the request for attorney fees.

In November 2002, the district court granted Anderson's, Wicher's, and IBP's motions for summary judgment finding that no contract existed between the parties, that

Steinbruegge was not an agent of any defendant or of the Nelsons, and that the Nelsons were not third party beneficiaries of a contract between Steinbruegge and any of the other defendants. The district court also determined that, because the Nelsons only sought recovery of economic losses, the Nelsons could not recover under a negligence theory. Additionally, the district court found that there was no evidence of express warranties and that no privity of contract existed between any of the defendants and the Nelsons which may have given rise to implied warranties. Anderson, Wicher, and IBP requested costs and attorney fees pursuant to I.R.C.P. 54 and I.C. § 12–120(3). The district court awarded costs to Anderson, Wicher, and IBP but denied their requests for attorney fees.

The Nelsons appeal from the district court's orders granting summary judgment in favor of Anderson, Wicher, Fremont County, Allen, and IBP. Additionally, the Nelsons appeal from the district court's order awarding attorney fees to Western Wholesale. Anderson, Wicher, and IBP cross-appeal from the district court's order denying attorney fees. Western Wholesale cross-appeals from the district court's determination of the amount of attorney fees awarded.[2] All parties seek costs and attorney fees on appeal.

## II.

### STANDARD OF REVIEW

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G &*

---

2. Fremont County and Allen did not file a cross- appeal.

*M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct.App.1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini–Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct.App.2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of

her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273–74 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

## III.

## ANALYSIS

### A. Breach of Contract and Implied Warranties

The Nelsons argue that the district court erred in granting summary judgment in favor of Anderson, Wicher, and IBP regarding the claims for breach of contract and breach of the implied warranties of merchantability and fitness for a particular purpose. The district court determined that the Nelsons entered into an oral contract with Steinbruegge but that no contract existed between the Nelsons and Anderson, Wicher, or IBP. Additionally, the district court concluded that Steinbruegge was not an agent of the Nelsons and that Steinbruegge was not an agent of Anderson, Wicher, or IBP. The district court also held that the Nelsons were not third party beneficiaries of a contract between Steinbruegge and Anderson, Wicher, or IBP. Moreover, the district court determined that, because no contract existed between the Nelsons and Anderson, Wicher, and IBP, the Nelsons lacked privity of contract to succeed on claims of breach of the implied warranties of merchantability and fitness for a particular purpose.

Privity of contract is required in a contract action to recover economic loss for breach of implied warranties. *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 353, 544 P.2d 306, 311 (1975); *see also Clark v. Int'l Harvester Co.*, 99 Idaho 326, 332, 581 P.2d 784, 790 (1978). The Nelsons concede that they did not directly enter into a contract with Anderson, Wicher, or IBP. However, the Nelsons argue that Steinbruegge acted as an agent of Anderson, Wicher or IBP or, in the alternative, that the Nelsons are third party beneficiaries of any contract between Steinbruegge

and Anderson, Wicher, and IBP. The Nelsons additionally argue that the privity requirement should be relaxed because of its unfairness, particularly in light of the economic loss rule addressed below.

### 1. Agency

 The Nelsons assert that, although a contract did not exist between themselves and Anderson, Wicher, and IBP, their breach of contract claims should still succeed based on an agency theory. There are three separate types of agency, any of which are sufficient to bind the principal to a contract entered into by an agent with a third party. *Bailey v. Ness*, 109 Idaho 495, 497, 708 P.2d 900, 902 (1985). The three types of agencies are: express authority, implied authority, and apparent authority. *Id.* Both express and implied authority are forms of actual authority. *Id.* Express authority refers to that authority which the principal has explicitly granted the agent to act in the principal's name. *Id.* Implied authority refers to that authority "which is necessary, usual, and proper to accomplish or perform" the express authority delegated to the agent by the principal. *Id.*

In this case, the Nelsons conceded at oral argument that no express authority existed and, thus, no actual authority was expressly granted or impliedly conferred upon an agent. Therefore, we need only address the possibility of apparent authority.

 Apparent authority differs from express and implied authority in that it is not based on the words and conduct of the principal toward the agent, but on the principal's words and conduct toward a third party. *Tri–Circle, Inc. v. Brugger Corp.*, 121 Idaho 950, 954–55, 829 P.2d 540, 544–45 (Ct.App. 1992). Consequently, apparent authority cannot arise from the acts and statements of the agent alone; it must be based upon the principal's words and conduct. *See Idaho Title Co. v. American States Ins. Co.*, 96 Idaho 465, 468, 531 P.2d 227, 230 (1975). The Nelsons assert that Steinbruegge could have been an agent of the Nelsons or an agent of Anderson, Wicher, or IBP. Thus, we must consider the words and conduct of the Nelsons toward Anderson, Wicher, and IBP

and the words and conduct of Anderson, Wicher, and IBP toward the Nelsons. The record indicates that the Nelsons did not have contact with Anderson until after Steinbruegge had negotiated with the company and after the materials were ready to be delivered. Robin Nelson briefly contacted Anderson, but only to designate where to deliver the materials, not to make any changes to the original negotiation. Additionally, no direct contact occurred between the Nelsons and Wicher or IBP. Therefore, no apparent authority arose from the Nelsons' words and conduct toward Anderson, Wicher, or IBP nor from Anderson, Wicher, or IBP's words and conduct toward the Nelsons. We conclude that no actual authority, either express or implied, and no apparent authority existed. Therefore, the Nelson's breach of contract claim cannot succeed based on an agency theory.

### 2. Third party beneficiary

 The Nelsons argue that, although a contract did not exist between themselves and Anderson, Wicher, and IBP, they are still liable for breach of contract because the Nelsons are third party beneficiaries of any contract entered into between Steinbruegge and Anderson, Wicher, and IBP. Idaho Code Section 29–102 provides that a contract made expressly for the benefit of a third person may be enforced by the third person at any time before the parties thereto rescind it. *See Cannon Builders, Inc. v. Rice*, 126 Idaho 616, 622, 888 P.2d 790, 796 (Ct.App.1995). In order for a third party beneficiary to recover on a breach of contract claim, the third party must show that the contract was made for his or her direct benefit and that he or she is more than a mere incidental beneficiary. *Dawson v. Eldredge*, 84 Idaho 331, 337, 372 P.2d 414, 418 (1962). The contract itself must express an intent to benefit the third party. *Stewart v. Arrington Constr. Co.*, 92 Idaho 526, 532, 446 P.2d 895, 901 (1968).

 In the present case, there is no written contract between any of the parties. Additionally, Steinbruegge, having had no contact at all with Wicher, did not enter into an oral contract with Wicher. Thus, we must determine whether the Nelsons are intended

or incidental third party beneficiaries of any oral contract that existed between Steinbruegge and Anderson or IBP. For purposes of making this determination, it is helpful to analogize to a relationship of a property owner (the Nelsons), a general contractor (Steinbruegge), and subcontractors (Anderson and IBP).[3] Under this analogy, a treatise on contract law explains:

> Such contracts [between a principal contractor and subcontractors] are made to enable the principal contractor to perform; and their performance by the subcontractor does not in itself discharge the principal contractor's duty to the owner with whom he has contracted. The installation of plumbing fixtures or the construction of cement floors by a subcontractor is not a discharge of the principal contractor's duty to the owner to deliver a finished building containing those items; and if after their installation the undelivered building is destroyed by fire, the principal contractor must replace them for the owner, even though he must pay the subcontractor in full and has no right that the latter shall replace them. It seems, therefore, that the owner has no right against the subcontractor, in the absence of clear words to the contrary. The owner is neither a creditor beneficiary nor a donee beneficiary; the benefit that he receives from performance must be regarded as merely incidental.

9 CORBIN ON CONTRACTS § 779D (1979) (footnote omitted). By way of illustration: "A contracts to erect a building for C. B then contracts with A to supply lumber needed for the building. C is an incidental beneficiary of B's promise, and B is an incidental beneficiary of C's promise to pay A for the building." RESTATEMENT (SECOND) OF CONTRACTS § 302, illus. 19 (1981).

In the present case, the oral contract between the Nelsons and Steinbruegge gave the Nelsons the right to a building package including plans and materials. Subsequent contracts entered into by Steinbruegge added nothing to the Nelsons' entitlement, and the Nelsons were still entitled to the plans and materials regardless of the means by which Steinbruegge obtained them. The subsequent contracts entered into by Steinbruegge with Anderson and IBP enabled Steinbruegge to fulfill his obligations to the Nelsons. Steinbruegge would still be liable for a breach of the contract between himself and the Nelsons even if the subsequent contracts were not fulfilled. Additionally, the record contains no evidence to suggest that had Steinbruegge not paid on the subsequent contracts, those contracting parties could have recovered from the Nelsons.

In the exchange between Anderson and Steinbruegge, Steinbruegge ordered the materials, negotiated the price, and had the materials billed to his personal account. Even though the order was placed under the Nelsons' name and the materials were delivered to the Nelsons' residence, if Anderson had not fulfilled its obligations under the agreement between it and Steinbruegge, Steinbruegge would still be liable to the Nelsons for a breach of the oral contract for the building package. Although Anderson knew that the materials were being used to construct a cabin on the Nelsons' property, there is no evidence that during the exchange between Anderson and Steinbruegge, an intention that the Nelsons would primarily benefit from the contract was expressed. In the contract with IBP, Steinbruegge ordered the plans and materials, negotiated the price, paid IBP, and had the materials delivered. Even though IBP possessed specific information about the construction of the Nelsons' cabin, there is no evidence that the negotiations between Steinbruegge and IBP expressed an intent to benefit the Nelsons.

Moreover, the Nelsons did not allege the third party beneficiary theory in their complaint or amended complaint. The Nelsons only asserted the theory at the hearing on the motions for summary judgment. Even so, the Nelsons have produced no evidence of

---

**3.** We make this analogy only for purposes of analyzing whether the Nelsons are intended third party beneficiaries of a contract. The district court did not make a finding regarding whether Steinbruegge was a general contractor for the Nelsons. However, we note that the Nelsons alleged in their original complaint that they agreed that Steinbrugge would act in the capacity of a general contractor.

that theory. The district court held that the Nelsons were no more than incidental beneficiaries and could not recover under a third party beneficiary theory. We agree. Thus, since the Nelsons have failed to establish a relationship under agency and third party beneficiary theories, we conclude that the district court did not err by granting summary judgment with respect to the Nelsons' breach of contract claims.

### B. Negligence—Economic Loss Rule

■ The Nelsons argue that the district court erred in granting summary judgment in favor of the respondents on the claim of negligence. To prove negligence, a plaintiff must prove the following: (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 399, 987 P.2d 300, 311 (1999); *Brooks v. Logan*, 127 Idaho 484, 489, 903 P.2d 73, 78 (1995); *Mugavero v. A–1 Auto Sales, Inc.*, 130 Idaho 554, 556, 944 P.2d 151, 153 (Ct.App.1997).

■ The general rule in Idaho is that there is no recovery for pure economic loss in a negligence action, as there is no "duty" to prevent economic loss to another. *Duffin v. Idaho Crop Improvement Ass'n*, 126 Idaho 1002, 1007, 895 P.2d 1195, 1200 (1995). The two exceptions to this general rule are where a special relationship exists and the occurrence of a unique circumstance requires a different allocation of risk. *Duffin*, 126 Idaho at 1007–08, 895 P.2d at 1200–01; *Just's, Inc. v. Arrington Constr. Co. Inc.*, 99 Idaho 462, 470, 583 P.2d 997, 1005 (1978); *see also Graefe v. Vaughn*, 132 Idaho 349, 350–51, 972 P.2d 317, 318–19 (Ct.App.1999). At the hearing on the motions for summary judgment, the Nelsons conceded that they were only alleging economic losses. To avoid the economic loss rule barring a negligence action

under these circumstances, the Nelsons argued that a special relationship existed between themselves and Anderson, Wicher, and IBP.[4]

■ The "special relationship" exception generally pertains to claims for personal services provided by professionals, such as physicians, attorneys, architects, engineers, and insurance agents. *Eliopulos v. Knox*, 123 Idaho 400, 408, 848 P.2d 984, 992 (Ct. App.1992). A special relationship may exist where a party holds itself out to the public as performing a specialized function and induces reliance on superior knowledge and skill. *Duffin*, 126 Idaho at 1008, 895 P.2d at 1201.

In *Duffin*, the Idaho Supreme Court held that a special relationship existed between an entity which certified seed potatoes and a farmer who bought seed which was certified but defective. The seed certification entity was the only such entity in the state. The entity held itself out to the public as having expertise in · seed certification and induced reliance on that expertise. Furthermore, the farmer was obligated to utilize the entity. Due to this specialization and induced reliance on the seed certification entity's expertise, the Supreme Court gave the farmer the ability to recover for pure economic loss based upon a special relationship. However, the Supreme Court explained in its holding that this principle only applies to an "extremely limited group of cases" in which it is equitable to impose a duty to exercise due care to avoid the pure economic loss of another. *Id.* at 1008, 895 P.2d at 1201.

The Nelsons asserted at the hearing on the motions for summary judgment that they relied upon the expertise of Anderson, Wicher, and IBP for the production of the engineered blueprints. The district court held that a special relationship did not exist between the Nelsons and Anderson because Anderson only sold lumber and building materials to Steinbruegge. The district court also concluded that a special relationship did not exist between the Nelsons and Wicher

---

4. We note that at the July 11, 2002, hearing on the motions for summary judgment, the Nelsons admitted that there was no special relationship between themselves and Anderson. However, in their amended complaint, Count II, the Nelsons

continued to allege that Anderson acted negligently in the preparation and presentation of the designs and plans for the construction of the cabin.

and IBP because IBP only sold a wall panel system to Steinbruegge and Wicher only reviewed the wall panel designs.

While IBP did sell a blueprint for the wall panel system to Steinbruegge and Anderson did provide a draft of a flooring system to Steinbruegge, this is insufficient to establish the existence of a special relationship with the Nelsons. Unlike the facts in *Duffin*, the Nelsons were not obligated to use the services of IBP or Anderson. Moreover, the Nelsons did not engage in any negotiations with IBP or Anderson. Steinbruegge completed the negotiations and purchasing of the materials and subsequently sold the materials to the Nelsons.

Additionally, if IBP had induced reliance on the expertise of the blueprints, it induced reliance only upon the designs and construction of the wall panel system. A disclaimer on the blueprints unequivocally states that the designs are for purposes of IBP's wall panel system only and that other aspects of the cabin, including the foundation, floor system, interior walls, and roof system are to be supplied by others. The Nelsons do not allege that the failure of the cabin's structure to meet the snow load requirements was caused by defective designs regarding the wall panel system. Therefore, if IBP induced reliance upon its expertise, it was for its expertise of the wall panel system and not for any other defect which may have caused the cabin structure to not meet the snow load requirement—the basis for the Nelsons' negligence claim.

With respect to Wicher, at no time did the Nelsons or Steinbruegge have any contact with Wicher. Wicher, a licensed engineer, was hired by IBP to review the Nelson's cabin plans. There was no relationship at all between Wicher and the Nelsons. Thus, there is no special relationship between Wicher and the Nelsons similar to that found in *Duffin*. With consideration of the Idaho Supreme Court's holding in *Duffin* that a special relationship only applies to an extremely limited group of cases, we decline the invitation to expand that principle to the facts of this case.

In their brief to this Court on appeal, the Nelsons argue that the district court incorrectly applied the economic loss rule because circumstances created a unique situation in which the Nelsons bear a significant risk of unfair prejudice by operation of the economic loss rule. The Nelsons rely on the Idaho Supreme Court's decision in *Ramerth*, which explained that "there may be cases where the plaintiff may be unfairly prejudiced by the operation of the economic loss rule in combination with the privity requirement." *Ramerth v. Hart*, 133 Idaho 194, 198, 983 P.2d 848, 852 (1999). However, we are not convinced that this is one of those cases. Although the Nelsons are precluded from recovery based upon the privity requirement and the economic loss rule, the Nelsons had a viable cause of action against Steinbruegge. The Nelsons did receive a default judgment against Steinbruegge. The fact that the Nelsons may not be fully compensated for their losses does not mean that the Nelsons have been unfairly prejudiced nor does it persuade us to allow recovery against another party based on Steinbruegge's inability to satisfy the judgment. Therefore, we conclude that the district court did not err in granting summary judgment in favor of Anderson, Wicher, and IBP on the negligence claim, because the Nelsons only allege economic loss and there is no evidence that an exception to the economic loss rule should apply.

## C. Idaho Code Section 6-904B

The Nelsons argue that the district court erred by granting summary judgment in favor of Fremont County and Allen holding that they are immune from liability for negligence claims pursuant to I.C. § 6-904B. Tort claims against governmental entities and its employees are covered by the Idaho Tort Claims Act (ITCA), I.C. §§ 6-901 to 6-929. The ITCA sets out the general rule that governmental entities and employees may be liable for damages arising out of their negligent or otherwise wrongful acts where the employees were acting within the course and scope of their employment. I.C. § 6-903; *Brooks v. Logan*, 127 Idaho 484, 488, 903 P.2d 73, 77 (1995); *Grant v. City of Twin Falls*, 120 Idaho 69, 76, 813 P.2d 880,

887 (1991). However, the ITCA also establishes exceptions to governmental liability for certain types of claims, thus establishing conditional immunity for governmental agencies and their employees with respect to such claims. *See* I.C. §§ 6–904, 6–904A, 6–904B, 6–904D.

■ When ruling on a motion for summary judgment based upon an immunity defense under the ITCA, the trial court initially determines whether the plaintiff's allegations and the supporting record generally state a cause of action for which a private person or entity would be liable for money damages under the laws of the state of Idaho. *Walker v. Shoshone County*, 112 Idaho 991, 995, 739 P.2d 290, 294 (1987). The trial court must then determine whether one of the exceptions enunciated in the ITCA shields the alleged misconduct from liability. *Brooks*, 127 Idaho at 487, 903 P.2d at 76.

In the case at bar, the district court found that Fremont County and Allen were acting in the scope of employment when the building permit was issued but that they were immune from liability pursuant to I.C. § 6–904B. Additionally, the district court found that there was no evidence that Fremont County nor Allen acted with malice or criminal intent or with gross negligence or reckless, willful, and wanton conduct. Idaho Code Section 6–904B provides, in pertinent part:

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without gross negligence or reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:
>
> . . . .
>
> 3. Arises out of the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend, or revoke a permit, license, certificate, approval, order or similar authorization.

■ The Nelsons concede that Allen was acting within the scope of his employment and that he was not acting with malice or criminal intent. The Nelsons assert that Allen acted with gross negligence by failing to perform a detailed review of the design plans provided by the Nelsons and by failing to inform the Nelsons of design flaws. Fremont County and Allen contend that the Nelsons should be precluded from making an argument that Allen acted with gross negligence because they argue it for the first time on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). A review of the Nelsons' complaint and amended complaint reveal that the Nelsons only alleged simple negligence and not gross negligence, which are two very different allegations. However, the Nelsons argue that they asserted the gross negligence claim before the district court and that they are entitled to assert it now on appeal. At the summary judgment motion hearing, the Nelsons did not use the term "gross" when referring to the negligence claim. Nevertheless, counsel for Fremont County and Allen recognized at the hearing that the Nelsons were alleging more than simple negligence and responded to those allegations. Also, the district court made a specific finding that there was no evidence that Allen acted with gross negligence.

■ Assuming the Nelsons can establish that Fremont County and Allen acted with gross negligence, the Nelsons must also demonstrate that Fremont County and Allen owed a duty to the Nelsons. The Nelsons cite to no authority in support of their position that would create a duty on the part of a county building inspector to each building permit applicant, rather than just to the building inspector's employer. Therefore, because the Nelsons have not demonstrated a duty on behalf of Fremont County and Allen, the Nelsons' negligence claim fails.[5] We conclude that the district court did not err in granting summary judgment to Fre-

---

5. Because we conclude that the Nelsons failed to establish a duty owed by Fremont County and Allen to the Nelsons, we need not address Fremont County's and Allen's claim that the Nelsons failed to timely file a tort claim pursuant to I.C. § 6–908 nor the Nelsons' argument that they had a special relationship with Fremont County and Allen.

mont County and Allen on the Nelsons' negligence claim.

## D. Award of Costs

### 1. Anderson, Wicher, and IBP

The Nelsons argue that the district court erred in awarding costs to Anderson, Wicher, and IBP. Specifically, the Nelsons claim that the district court erred in awarding costs to Wicher because he was represented by the same legal counsel as Western Wholesale and there was no effort in the memorandum of costs to distinguish which costs were incurred on behalf of Wicher. With respect to Anderson and IBP, the Nelsons contend that the specific items of costs claimed by Anderson and IBP are not sufficiently detailed to warrant an award of the costs requested.

Idaho Rule of Civil Procedure 54(d)(1)(C) provides that a prevailing party is entitled to an award of costs as a matter of right, which includes filing fees and deposition costs. Rule 54(d)(1)(D) allows a court to award discretionary costs to a prevailing party if the party demonstrates that the costs were "necessary and exceptional costs reasonably incurred." The grant or denial of discretionary costs is committed to the sound discretion of the trial court and will only be reviewed by an appellate court for an abuse of that discretion. *Fish v. Smith,* 131 Idaho 492, 493, 960 P.2d 175, 176 (1998).

In the present case, the district court did not award any discretionary costs. The record shows that the district court carefully reviewed the memorandum of costs, accepting some and declining to award others for being duplicitous, cumulative, and unexceptional. Given this record, the Nelsons have failed to demonstrate an abuse of discretion by the district court in awarding costs to the Anderson, Wicher, and IBP.

### 2. Fremont County and Allen

▮ In their notice of appeal, the Nelsons list as an issue the district court's order awarding costs to "each of the Respondents." Additionally, in their brief, the Nelsons list as an issue the order awarding costs to Western Wholesale and the "remaining Respondents." Fremont County and Allen are respondents in this appeal. However, the Nelsons do not provide an argument regarding the award of costs to Fremont County and Allen. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers,* 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.App.1997). Therefore, we will not consider the award of costs to Fremont County and Allen as an issue on appeal.

## E. Award of Costs and Attorney Fees— Western Wholesale

### 1. Costs and Attorney Fees Awarded Below

The Nelsons argue that the district court erred in awarding costs and attorney fees to Western Wholesale. In awarding some attorney fees to Western Wholesale, the district court found that the Nelsons had pursued the claim against Western Wholesale frivolously and unreasonably. The Nelsons disagree with this finding and argue that their pursuit was not unreasonable considering Western Wholesale employed Wicher, who reviewed and stamped the wall panel blueprints provided by IBP. After discovery produced no evidence of Western Wholesale's involvement in the matter, the Nelsons stipulated to the dismissal of Western Wholesale as a party. Additionally, the Nelsons argue that Western Wholesale failed to provide any information showing that it was not involved in the matter and that, if it had, the Nelsons would have dismissed Western Wholesale as a party earlier.

Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a trial court may award attorney fees to the prevailing party where it finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Shettel v. Barnesberger,* 130 Idaho 217, 221, 938 P.2d 1255, 1259 (Ct.App.1997). This determination rests in the sound discretion of the trial court. *Chenery v. Agri–Lines Corp.,* 115 Idaho 281, 287, 766 P.2d 751, 757 (1988). After reviewing the record before us, we conclude that the Nelsons have failed to show that the district court abused its discretion with respect to awarding attorney fees.

**714**

The Nelsons also argue that Western Wholesale was not a prevailing party pursuant to I.R.C.P. 54 because there was no hearing with regard to Western Wholesale's position and that the parties stipulated to the dismissal of Western Wholesale as a party. Thus, the Nelsons contend that the district court erred in awarding costs. The determination of who is a prevailing party for purposes of Rule 54 is committed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Deutz–Allis Credit Corp. v. Bakie Logging,* 121 Idaho 247, 256–57, 824 P.2d 178, 187–88 (Ct.App.1992); *Decker v. Homeguard Systems, a Division of Intermountain Gas Co.,* 105 Idaho 158, 161, 666 P.2d 1169, 1172 (Ct. App.1983). To determine who is the prevailing party in a civil action, the court must "consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims [or] multiple issues," and "the extent to which each party prevailed upon each … such issue or claims." I.R.C.P. 54(d)(1)(B).

In the present case, the Nelsons listed Western Wholesale as a defendant in their original complaint. Western Wholesale filed an answer and then filed a motion for summary judgment. A hearing was held on the motion. At the hearing, the Nelsons conceded that they did not have a cognizable claim against Western Wholesale. Consequently, the parties stipulated to the dismissal of Western Wholesale, and the district court issued an order granting Western Wholesale's motion for summary judgment. Based on the resolution of the claims against Western Wholesale, we conclude that Western Wholesale was a prevailing party and that the Nelsons have failed to demonstrate that the district court abused its discretion by awarding costs to Western Wholesale.

### 2. Cross-appeal

Western Wholesale cross-appeals, arguing that the district court erred in limiting its attorney fees pursuant to I.C. § 12–121. The district court dismissed the claims against Western Wholesale and then held that it was entitled to attorney fees pursuant to I.R.C.P. 54(e)(1) because the Nelsons' claims were without merit and were pursued unreasonably, frivolously, and without foundation. However, after reviewing the amount of attorney fees requested, $6,609.50, the district court limited the fee award to $1,000 finding that the "defense of Western Wholesale was not complicated and did not demand such a high fee." Western Wholesale argues that the frivolity of the Nelsons' claims was only apparent after significant discovery.

Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a trial court may award attorney fees to the prevailing party where it finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Shettel,* 130 Idaho at 221, 938 P.2d at 1259. This determination rests in the sound discretion of the trial court. *Chenery,* 115 Idaho at 287, 766 P.2d at 757. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Under I.R.C.P. 54(e)(3), a trial court is required to consider several factors in determining the amount of fees to award. Our review of the trial court's discretion in the award of attorney fees is based upon the proper application of these factors. *Building Concepts, Ltd. v. Pickering,* 114 Idaho 640, 645, 759 P.2d 931, 936 (Ct.App.1988). The district court must, at a minimum, provide a record which establishes that the court considered factors such as the time and labor required, the skill requisite to perform the legal service properly, the amount involved, the results obtained, and any other factor which the court deems appropriate. *Id.*

In this case, the district court correctly perceived that it had discretion to

award attorney fees and acted within the boundaries of its discretion and consistent with legal standards. In limiting the attorney fee award, the district court found that Western Wholesale's defense was not complicated. Thus, the district court considered the time and labor required and the skill requisite to perform the legal service properly. Additionally, the district court considered the amount of fees requested by Western Wholesale and the fact that the claims against it were dismissed. Therefore, we conclude that the district court did not abuse its discretion in limiting the amount of attorney fees requested by Western Wholesale.

### F. Denial of Attorney Fees—Cross-Appeal

Anderson, Wicher, and IBP cross-appeal arguing that the district court erred in denying them attorney fees under I.C. § 12-120(3). Pursuant to I.C. § 12-120(3), an award of attorney fees to the prevailing party is mandatory in various types of civil actions. Idaho Code Section 12-120(3) states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

This statute includes two provisions in which a party may recover attorney fees. First, a party may be awarded attorney fees in any civil action to recover on a contract relating to the purchase or sale of goods. Second, a party may be awarded attorney fees in any civil action where a commercial transaction is involved. *See Prop. Mgmt. West, Inc. v. Hunt,* 126 Idaho 897, 899, 894 P.2d 130, 132 (1995). The district court denied attorney fees pursuant to I.C. § 12-120(3) but did so, explaining that "some Defendants have claimed fees under I.C. § 12-120(3) but the gravamen of [Nelsons'] complaint is not based on a 'commercial transaction.' " Thus, it is unclear whether the district court denied attorney fees under one or both provisions of the statute.

With respect to the first provision, it is not enough that the relationship between the parties relates to the purchase or sale of goods or services, the action itself must be one to recover on the contract. *Chenery v. Agri-Lines Corp.,* 106 Idaho 687, 690, 682 P.2d 640, 643 (Ct.App.1984). The Nelsons alleged in their complaint that the defendants/respondents "breached their contract … in providing defective designs and plans for the structure" of their cabin. In their amended complaint, the Nelsons alleged the same but with greater specificity, stating that Steinbruegge, Anderson, Wicher, and IBP "have breached their respective contracts with the Plaintiffs in providing defective designs and plans" for the structure of their cabin. The Nelsons alleged that a contract existed governing the purchase of designs and other materials from Anderson, Wicher, and IBP. The Nelsons additionally alleged that Anderson, Wicher, and IBP breached that contract by not providing designs and materials that met the snow load requirements for Island Park, Idaho. While the district court concluded that no contract existed between the parties, the Nelsons alleged that a contract existed and Anderson, Wicher, and IBP successfully defended against this allegation. The Nelsons' action was to recover on a contract and, therefore, the district court erred in denying attorney fees to Anderson, Wicher, and IBP pursuant to the first provision of I.C. § 12-120(3).

Anderson, Wicher, and IBP also argue that they are entitled to attorney fees under the second provision of I.C. § 12-120(3) because a commercial transaction was involved. However, since we determined that this was a civil action to recover on contract relating to the purchase or sale of goods or services and that Anderson, Wicher, and IBP were entitled to attorney fees under that provision,

we need not address whether a commercial transaction was involved.

Wicher also cross-appeals arguing that the district court erred in denying him attorney fees pursuant to I.C. § 12–121. Because we reversed the district court's order denying Wicher attorney fees under I.C. § 12–120(3), it is unnecessary to address this argument also.

### G. Costs and Attorney Fees on Appeal

#### 1. The Nelsons

█ The Nelsons seek an award of attorney fees incurred in prosecuting this appeal pursuant to I.A.R. 41. In order to be entitled to an award of attorney fees, a party must cite a specific statute or common law rule upon which an award may be based. *Browning v. Browning,* 136 Idaho 691, 696, 39 P.3d 631, 636 (2001). The Nelsons have not cited to any statute and therefore the Nelsons are not entitled to an award of attorney fees.

#### 2. Anderson, Wicher, and IBP

Anderson, Wicher, and IBP request attorney fees on appeal pursuant to I.A.R. 41 and I.C. § 12–120(3). Based on the reasons we reversed the district court's denial of attorney fees under I.C. § 12–120(3) above, we award attorney fees on appeal pursuant to the first provision of that statute.

#### 3. Western Wholesale

█ Western Wholesale requests attorney fees on appeal pursuant to I.C. §§ 12–120, 12–121, and I.A.R. 41. It is well established that I.C. § 12–120(3) mandates an award of attorney fees to the prevailing party on appeal as well as in the trial court. *Erickson v. Flynn,* 138 Idaho 430, 438, 64 P.3d 959, 967 (Ct.App.2002). As previously noted, the Nelsons filed a civil action to recover on a contract relating to the purchase or sale of designs and plans for the structure of their cabin. The district court granted summary judgment in favor of Western Wholesale and awarded costs and attorney fees pursuant to I.C. § 12–121. The Nelsons appeal from the district court's order awarding costs and attorney fees to

Western Wholesale, which we affirm. Western Wholesale cross-appeals from the district court's determination of the amount of attorney fees, which we also affirm. Thus, Western Wholesale has prevailed only in part and because it is not the prevailing party on appeal, it is not entitled to attorney fees under I.C. § 12–120(3).

Under I.C. 12–121, an award of attorney fees may be granted to the prevailing party when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett,* 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct.App.1995). Having reviewed the record, we cannot conclude that the Nelsons brought the appeal frivolously, unreasonably, or without foundation. Therefore, we decline to award attorney fees on appeal to Western Wholesale under I.C. § 12–121.

#### 4. Fremont County and Allen

Fremont County and Allen request attorney fees on appeal pursuant to I.C. § 6–918A. Section 6–918A allows for an award of attorney fees when a party is "guilty of bad faith in the commencement, conduct, maintenance or defense of the action." This section allows for reasonable attorney fees for a governmental entity or the employee of such entity if they show by clear and convincing evidence that the party against which such award is sought was guilty of bad faith. *See Crown v. State, Dep't of Agric.,* 131 Idaho 297, 302, 955 P.2d 612, 617 (Ct.App.1998); *Bissett v. Unnamed Members of the Political Compact,* 111 Idaho 863, 865, 727 P.2d 1291, 1293 (Ct.App.1986). There is no evidence that the Nelsons pursued the appeal in bad faith and, therefore, we conclude that Fremont County and Allen are not entitled to attorney fees pursuant to I.C. § 6–918A.

#### 5. Costs

Under I.A.R. 40, costs are awarded as a matter of course to the prevailing party. With respect to the Nelsons and Western Wholesale, we have affirmed the district court on all issues involved in their appeals and in their cross-appeals. Because these parties have prevailed in part, they shall bear

their own costs. Anderson, Wicher, and IBP prevailed in their cross-appeal and we affirmed the district court's order granting summary judgment in their favor thus, we award costs to these parties. Fremont County and Allen did not cross-appeal and the district court's decision to grant summary judgment in their favor was affirmed. Therefore, we award costs to Fremont County and Allen as prevailing parties.

## IV.

### CONCLUSION

For the reasons set forth above, we affirm the district court's orders granting motions for summary judgment and awarding costs to Anderson, Wicher, Fremont County, Allen, and IBP. The district court's order awarding costs and attorney fees to Western Whole-sale is affirmed. We reverse the district court's orders denying attorney fees to Anderson, Wicher, and IBP. We award costs on appeal to Anderson, Wicher, IBP, Fremont County, and Charles Allen as prevailing parties. We also award attorney fees on appeal to Anderson, Wicher, and IBP, and remand to the district court to determine a reasonable amount of attorney fees for the proceedings below and on appeal.

Judge GUTIERREZ and Judge Pro Tem SMITH concur.