972 P.2d 317

Roger A. GRAEFE and Ann E. Graefe,
Plaintiffs–Appellants,

v.

Barbara L. VAUGHN, Laura L. D'Amata,
Joan Brawley d.b.a. Brawley Realty,
Defendants–Respondents.

No. 24661

Court of Appeals of Idaho.

Feb. 5, 1999.

Lloyd J. Walker, Twin Falls, for appellants.

May, Sudweeks, Kershaw & Browning, Twin Falls, for respondents. Thomas D. Kershaw, Jr., argued.

PERRY, Chief Judge.

Roger A. Graefe and Ann E. Graefe appeal from the district court's order granting summary judgment in favor of Joan Brawley, d.b.a. Brawley Realty. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

The facts are undisputed. In 1993, Barbara L. Vaughn and Laura L. D'Amata (the sellers), listed their small deli shop for sale with Brawley, a licensed realtor. Brawley prepared an entry for the Multiple Listing Service from facts told to her by the sellers. The listing described the deli as a "thriving business" and included in its inventory eight tables and twenty chairs. The listing also indicated that the premises had eight parking spaces. In July 1993, the Graefes entered into negotiations to purchase the business and personal property. The sale did not involve any real estate.

After the Graefes purchased the deli shop, the city of Twin Falls restricted the Graefes' use of the premises to the original building occupancy permit applied for by the sellers, which limited the deli shop to one table and take-out only. Brawley never looked at the occupancy permit before the sale. The Graefes' complaint alleged that Brawley, d.b.a. Brawley Realty, an agent for the sellers, made misleading representations in the listing as to the nature of the property being sold.

On October 7, 1997, Brawley moved for summary judgment. A hearing was held on the motion on November 3, 1997. The district court granted the motion stating that "it is uncertain what legal theory is being used to justify recovery" and addressing the theories of intentional misrepresentation or

fraud, negligent misrepresentation, and breach of contract, in determining that summary judgment was appropriate. Judgment for Brawley was entered on December 3, 1997.

On December 5, 1997, the Graefes moved to vacate the order for summary judgment. A hearing was held on February 23, 1998. On March 31, 1998, the district court issued its decision denying the motion. The Graefes appeal.

## II.

## ANALYSIS

Initially, we note that I.C. § 54–2064, enacted in 1996 and imposing a duty on a real estate broker to an unrepresented party in a real estate transaction, is inapplicable to the instant case because the events in this case occurred in 1993. We therefore analyze the transaction between the Graefes and Brawley under common law principles.

### A. Standard of Review

Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing the motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 876 P.2d 154 (Ct.App.1994).

### B. Negligent Misrepresentation

The Graefes specifically limit the scope of their appeal, contending that the "legal issue that is involved [in this case] is the fact that the District Court has extended the Supreme Court opinion in *Duffin v. Idaho Crop Im-*

*provement Ass'n,* 126 Idaho 1002, 895 P.2d 1195 (1995) well beyond the law established in that Opinion." They argue that the district court erred in determining that Brawley did not owe them a duty of care, as the purchasers of the business. However, the Graefes do not challenge the district court's award of summary judgment with regard to the legal theories of intentional misrepresentation, fraud, or breach of contract. Thus, the sole issue on appeal is whether the district court erred in granting summary judgment in favor of Brawley on the allegation of negligent misrepresentation.

■ In *Duffin,* purchasers of certified commercial seed potatoes sued the certifying organization as well as the inspecting organization. The *Duffin* Court separately addressed several distinct issues, including negligence and negligent misrepresentation. In the negligence portion of the *Duffin* opinion, the Court addressed whether purely economic losses are recoverable in tort. Although the general rule is that such losses are not recoverable, the *Duffin* Court went on to state that in certain instances, a party can recover for purely economic loss in tort when: (1) it is parasitic to an injury to person or property; (2) the occurrence of a unique circumstance requires a different allocation of the risk; or (3) where a "special relationship" exists between the parties. *Duffin,* 126 Idaho at 1007–08, 895 P.2d at 1200–01. However, in a separate portion of the opinion, the Supreme Court expressly held that, "except in the narrow confines of a professional relationship involving an accountant, the tort of negligent misrepresentation is not recognized in Idaho." *Duffin,* 126 Idaho at 1010, 895 P.2d at 1203. Thus, as we interpret *Duffin,* in the absence of a professional relationship involving an accountant, the tort of negligent misrepresentation is not recognized in this state; however, purely economic damages may be recovered, in certain specific instances, *under other tort theories.*

■ The Graefes contend that because there is a special relationship between a buyer and the seller's real estate agent, they are entitled to recover for purely economic losses suffered in this case. However, in Idaho,

prior to the enactment of I.C. § 54–2064, a real estate agent owed a fiduciary duty only to his or her principal. *Mallory v. Watt*, 100 Idaho 119, 122, 594 P.2d 629, 632 (1979); *Perkins v. Thorpe*, 106 Idaho 138, 140, 676 P.2d 52, 54 (Ct.App.1984). Thus, no special relationship existed between a real estate broker and the purchaser of property, absent an indication that the purchaser was a principal to the agent.

■ However, even if a special relationship was recognized between a purchaser and a real estate agent employed only by the seller, summary judgment on the Graefes' claim of negligent misrepresentation claim was appropriate. *Duffin* explicitly stated that a cause of action for negligent misrepresentation exists in Idaho only where there is a "professional relationship involving an accountant." *Duffin*, 126 Idaho at 1010, 895 P.2d at 1203. Thus, even if a special relationship existed between the Graefes and Brawley, it is of no import to the determination of whether the Graefes could recover their purely economic damages under the theory of *negligent misrepresentation* because Brawley was a real estate broker, not an accountant. The district court did not, as the Graefes contend, extend the *Duffin* rationale "well beyond the law established in that opinion." Rather, we conclude that the district court correctly applied the principles pronounced in *Duffin* to the facts of this case.

**C. Attorney Fees on Appeal**

■ In the statement of issues in her respondent's brief on appeal, Brawley requests attorney fees pursuant to I.C. §§ 12–120(2), 12–120(3), and 12–121, as well as I.A.R. 41. Brawley does not, however, address this issue further in the argument section of her brief. The Idaho Supreme Court has consistently held the issue of attorney fees to the same standard as any other issue raised by either party in an appeal. Thus, we are unable to consider any issue cited on appeal *not supported by propositions of law, author-*

*ity or argument.* Therefore, we do not address the issue of attorney fees because Brawley has not complied with I.A.R. 35(b)(6). *Meisner v. Potlatch Corp.,* 131 Idaho 258, 263, 954 P.2d 676, 681 (1998); *Weaver v. Searle,* 129 Idaho 497, 503, 927 P.2d 887, 893 (1996).

## III.

## CONCLUSION

Because negligent misrepresentation is recognized in Idaho only in the limited confines of a professional relationship involving an accountant, *Duffin*, 126 Idaho at 1010, 895 P.2d at 1203, the district court's order granting Brawley's motion for summary judgment was appropriate as a matter of law and is, therefore affirmed. Costs, but not attorney fees, are awarded to respondent Brawley on appeal.

Judge LANSING concurs.

Judge SCHWARTZMAN specially concurring.

I concur in the opinion of the Court. I write only to re-emphasize that the Graefes have no cause of action under the "economic loss" (negligence) rationale of the *Duffin* case. Under the facts of this case, Brawley Realty maintained no "special relationship" with the Graefes such that the economic loss exception should apply. Nor is being a listing agent of the seller a "unique circumstance" requiring a re-allocation of the risk. Accordingly, Brawley must be held to owe no duty to exercise due care to avoid purely economic loss to the Graefes; and as such, no cause of action in *negligence* can be maintained.