93 P.3d 680

Douglas E. SUMPTER and Pamela
K. Sumpter, husband and wife,
Plaintiffs–Appellants,

v.

HOLLAND REALTY, INC., an Idaho cor-
poration; and Cheryl Wettstein, an in-
dividual, Defendants–Respondents.

No. 29542.

Supreme Court of Idaho,
Boise, February 2004 Term.

April 23, 2004.

Rehearing Denied July 12, 2004.

Stoel Rives, LLP, Boise, for appellants. Thomas A. Banducci argued.

Wilson & McColl, Boise, for respondents. Brian F. McColl argued.

TROUT, Chief Justice.

Douglas and Pamela Sumpter (the Sumpters) appeal the district judge's dismissal of their complaint against Holland Realty, Inc. and Cheryl Wettstein. The complaint alleged that Wettstein, a realtor working for Holland, breached her contractual duties towards the Sumpters in the course of her representation of them in purchasing an unimproved lot in Ada County and contracting to build a custom home on it. The district judge dismissed the action on the grounds that Wettstein and Holland offered "professional services" in real estate and the two-year statute of limitations for professional malpractice set forth in Idaho Code § 5–219(4) had expired prior to the Sumpters filing suit. We reverse and remand to the district court for further proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 1998 the Sumpters entered into an Exclusive Buyer Representation Agreement with Holland Realty, Inc. and Wettstein ("Holland") in which Holland agreed to represent the Sumpters in the purchase of an unimproved lot and in the construction of a custom-built home on it. The Sumpters allege in their complaint that Wettstein, a Holland agent, recommended that the Sumpters hire Clarence Pond to construct their home, but failed to inform them that Pond had been experiencing financial difficulties in his business. The Sumpters further allege that Wettstein informed them they could not purchase title insurance to insure them against potential lien claims on the property and home, and failed to advise them they should seek professional advice regarding the purchase agreement and availability of lien protections.

After the Sumpters signed the contracts on the property and home, Pond constructed the home but failed to pay for materials delivered by suppliers, including Franklin Building Supply Co. ("Franklin"). After the home was completed, Pond filed for bankruptcy and Franklin filed a lien on the Sumpters' property. Franklin subsequently filed a lien foreclosure action against the Sumpters in district court and, though the Sumpters prevailed at trial, the decision was appealed and this Court issued a decision March 4,

2004, reversing the lower court decision in part. (*Franklin Building Supply Co. v. Sumpter*, No. 27942, 4.6 ISCR 212, 2003 WL 1572011).

The Sumpters filed their complaint against Holland in November 2002, asserting as damages the attorney fees they had paid to defend the lien foreclosure suit against Franklin. Holland subsequently moved for a Rule 12(b)(6) dismissal, which the trial court granted, finding that Holland and Wettstein were engaged in rendering professional services as contemplated by I.C. § 5–219(4). Accordingly, the two-year statute of limitations set forth for professional malpractice actions governed this case, and the district judge found the Sumpters had filed their complaint after the two-year period. The district judge also found that, even though the Sumpters asserted their action was for breach of contract, in reality it was a tort claim and the five-year breach of contract statute of limitations in I.C. § 5–216 did not apply. The Sumpters appeal the district court's dismissal.

## II.

## STANDARD OF REVIEW

The Court's standard of review for an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6) is the same as the summary judgment standard of review. After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.'"

*BHA Investments, Inc. v. State*, 138 Idaho 348, 350, 63 P.3d 474, 476 (2003).

## III.

## STATUTE OF LIMITATIONS FOR PROFESSIONAL MALPRACTICE

The primary issue in this case is whether real estate agents render professional services as contemplated by I.C. § 5–219(4). Because she concluded that real es-

tate agents do render professional services, the district judge applied the two-year statute of limitations of this section and dismissed the Sumpters' claims because they were not filed within two years of the accrual of the cause of action.

I.C. § 5–219(4) states in part:

An action to recover damages for professional malpractice ... must be commenced within ... two (2) years following the occurrence, act or omission complained of.... The term "professional malpractice" as used herein refers to wrongful acts or omissions in the performance of professional services by any person, firm, association, entity or corporation licensed to perform such services under the law of the state of Idaho.

This statute does not define what professional services are, nor does it make reference to any other provision in the Idaho Code for the purpose of defining what professional services are contemplated by this statute.

The construction of a legislative act presents a pure question of law for free review by this Court. *Crawford v. Department of Correction*, 133 Idaho 633, 635, 991 P.2d 358, 360 (1999). "If the statutory language is unambiguous, we merely apply the statute as written. If it is ambiguous, then we attempt to ascertain the legislative intent. When doing so, we may examine the language used, the reasonableness of proposed interpretations, and the policy behind the statute." *Waters Garbage v. Shoshone County*, 138 Idaho 648, 650, 67 P.3d 1260, 1262 (2003).

Though this statute does not define professional services, the Idaho Code deals with professionals and professional services in several areas of regulation. The Code refers numerous times to the ability or right of a person or organization to obtain professional services (*see, e.g.*, I.C. §§ 33–5402(2), 41–206(3), 43–701I, and 50–2903(14)(d)). The medical profession is often included in these references (*see, e.g.*, I.C. §§ 54–1814(8), 67–5303(e)). Most notably, the Code establishes various regulations pertaining to professional services in the context of professional service

corporations (Chapter 13, Title 30) as well as professional service limited liability companies (Chapter 6, Title 53). As part of establishing regulations to govern these types of businesses, each of these statutes contains a list of occupations identified as professional services. Both of these lists are categorized as being exclusive—no other service than those listed are to be considered as professional—and equally significant, both lists are identical.

Section 30–1303(1) of the Idaho Code, governing professional service corporations, states:

The term "professional service" shall mean any type of service to the public that can be rendered by a member of any profession within the purview of his profession. For the purpose of this chapter, the professions shall be held to include the practices of architecture, chiropractic, dentistry, engineering, landscape architecture, law, medicine, nursing, occupational therapy, optometry, physical therapy, podiatry, professional geology, psychology, certified or licensed public accountancy, social work, surveying, and veterinary medicine, and no others.

Section 53–615(8)(a), governing professional service limited liability companies, provides:

The term "professional service" means any type of service to the public that can be rendered by a member of any profession within the purview of his profession. For the purpose of this chapter, the professions shall be held to include the practices of architecture, chiropractic, dentistry, engineering, landscape architecture, law, medicine, nursing, occupational therapy, optometry, physical therapy, podiatry, professional geology, psychology, certified or licensed public accountancy, social work, surveying, and veterinary medicine, and no others.

That the legislature has on two separate occasions compiled a list of services it designates as being professional is significant, though not controlling. While we recognize these statutes are not linked to I.C. § 5–219(4) for purposes of defining professional services, these two statutes do give an indication of legislative intent with regard to the term "professional services" and notably, for the purposes of this case, they exclude real estate agents.

While usage of the term "professional services" has not been entirely consistent within the Idaho Code, the two statutes quoted above are important to this Court's analysis of legislative intent because the occupations listed in them have important similarities to each other that evince a deliberate intent by the legislature to designate certain services as professional while excluding others. Particularly, the occupations listed in I.C. §§ 30–1303(1) and 53–615(8)(a) taken as a whole, indicate the legislature contemplated there would be some type of specialized higher education degree in occupations deemed to render professional services. Each of the occupations listed in these statutes require some type of specialized degree beyond high school and often, though not always, involve some sort of residency or internship training before a person is granted licensure in them.

■ Though the district judge properly noted that Idaho law does require licensure of real estate agents and sets forth their duties, and also that it provides for a regulatory and disciplinary board for real estate agents, these factors in and of themselves do not amount to an occupation being designated as a professional service. Currently Idaho law only requires that a real estate agent have a high school equivalent degree, I.C. § 54–2012(1)(c), and pass a ninety-hour classroom or correspondence course, I.C. § 54–2022(a). Including real estate agents in the list of professional services cited above would be inconsistent with the underlying training and educational foundation of every other occupation specifically designated as professional by the legislature. Accordingly, we find that including real estate agents as rendering professional services would be inconsistent with legislative intent in establishing a definition of professional services. Though we do not hold today that professional services are confined to those occupations specified in I.C. §§ 30–1303(1) and 53–615(8)(a), we do hold that in order for a service to be professional, it must be comparable to those

occupations listed in terms of specialized higher education.

Therefore, we conclude that the two-year statute of limitations of I.C. § 5–219(4) does not apply to the Sumpters' suit against Holland.

## IV.

### CHARACTERIZING THE CAUSE OF ACTION

█ Another issue appealed by the Sumpters is the district judge's determination that their cause of action sounded in tort, not in contract, as the Sumpters had claimed. The district judge found the Sumpters' claims alleging breach of duties on the part of Holland to exercise reasonable skill and care, promote the best interests of the Sumpters, disclose adverse material facts, and advise the Sumpters to seek appropriate professional advice or counsel, were claims for professional malpractice and not contractual in substance. The district judge found that where there was a duty imposed on Holland by statute requiring the same degree of care contracted for by the parties, the breach of such duties amounted to a tort, not a breach of contract.

The district judge in her decision relied on *Taylor v. Herbold,* 94 Idaho 133, 138, 483 P.2d 664, 669 (1971) which states:

> The law governing the ability to obtain remedies for breach of contract, as well as tortious behavior, is confusing, with few, if any, court decisions on the subject. Ordinarily, a breach of contract is not a tort. A contract may, however, create a state of things that furnishes the occasion for a tort. 38 Am.Jur. 662, Negligence § 20. If the relation of the plaintiff and the defendants is such that a duty to take due care arises therefrom irrespective of contract and the defendant is negligent, then the action is one of tort. To found an action in tort, there must be a breach of duty apart from the nonperformance of a contract. 52 Am.Jur. 379, Torts, § 26.

As the district court noted, the Sumpters allege that Holland violated specific duties it contracted with the Sumpters to perform. The duties of Holland as prescribed by the contract entered into between Holland and the Sumpters include: 1) to exercise reasonable skill and care, 2) to promote the best interests of the client in good faith, honesty, and fair dealing, 3) to disclose any adverse material facts the agent actually knows or reasonably should have known, 4) to conduct a reasonable investigation of the property and material representations about the property made by the seller or seller's agent, and 5) when appropriate, to advise the client to obtain professional inspections of the property or to seek appropriate tax, legal, and other professional advice or counsel. The Sumpters complaint alleges that Holland failed to perform these duties when Wettstein failed to inform the Sumpters of Pond's financial instabilities, when she advised the Sumpters they could not purchase title insurance to protect themselves against liens, and when she failed to advise them to consult an attorney regarding title insurance and lien protection.

Of the duties listed above, all but two are specifically enumerated in I.C. § 54–2087 as being statutory duties of real estate agents towards clients. The only duties listed in the contract that are not statutorily mandated are the duty to conduct a reasonable investigation of the property and to investigate material representations about the property made by the seller or seller's agent. Since the Sumpters made no claim pertaining to these duties, they are irrelevant to our consideration.

█ As *Taylor* states above, "[i]f the relation of the plaintiff and the defendants is such that a duty to take due care arises therefrom irrespective of contract and the defendant is negligent, then the action is one of tort." Citing the United States Supreme Court, this Court further held:

> The distinction is that: If the cause of complaint be for an act of omission or nonfeasance, which, without proof of a contract to do what has been left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists), then the action is founded upon contract, and not upon tort.

**354**

94 Idaho at 138, 483 P.2d at 669, quoting *Atlantic & P. Railway Co. v. Laird,* 164 U.S. 393, 399, 17 S.Ct. 120, 122, 41 L.Ed. 485, 487 (1896). *See also Hudson v. Cobbs,* 118 Idaho 474, 477–78, 797 P.2d 1322, 1325–26 (1990). It can also be said that if a cause of action for breach of a duty based on a contractual promise could also be maintained without the contract by virtue of a statutory or common law duty, then the action is founded upon tort, not contract. Because the duties owed by Holland were clearly statutory, the Sumpters must deal with these breaches in tort, not contract. As such, we affirm the district judge's determination that the four-year statute of limitations period of I.C. § 5–224 applies in this case (*see Jones v. Runft, Leroy, Coffin & Matthews, Chtd.,* 125 Idaho 607, 613, 873 P.2d 861, 867 (1994) (holding "[b]e-cause there is no statute of limitations specif-ically governing negligence actions that do not involve personal injury or malpractice, we apply the four-year statute of limitations found in I.C. § 5–224")).

### V.

### ACCRUAL OF THE CAUSE OF ACTION

The Sumpters also appeal the dis-trict judge's determination that the statute of limitations period within which they could file suit against Holland began either when Franklin filed its lien against the Sumpters' property or when Franklin filed its lien fore-closure suit against the Sumpters. In light of our determination above that the applica-ble statute of limitations is four years, the Sumpters timely filed this action, using ei-ther the date Franklin filed its lien or began foreclosure proceedings, and we need not address this issue further.

### VI.

### ATTORNEY FEES

Holland requests attorney fees on appeal. However, because it is not the prevailing party, there is no entitlement to attorney fees on appeal. *Steiner v. Ziegler Tamura Ltd., Co.,* 138 Idaho 238, 244, 61 P.3d 595, 601 (2002).

### VII.

### CONCLUSION

We hold that real estate agents do not provide professional services for purposes of the professional malpractice statute of limita-tions in I.C. § 5–219(4). We also hold that the cause of action brought by the Sumpters lies in tort, not in contract, and therefore the four-year statute of limitations of I.C. § 5–224 applies here. Accordingly, the Sumpters filed their suit against Holland within the applicable statute of limitations period and the district court erred in dismissing the Sumpters' complaint. This case is reversed and remanded to the trial court for further proceedings. We award costs on appeal to Sumpters.

Justices SCHROEDER, KIDWELL, EISMANN and BURDICK concur.