## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39650

|  |  |  |
|---|---|---|
| V. LEO CAMPBELL and KATHLEEN CAMPBELL, | ) | Pocatello, May, 2013 Term |
|  | ) |  |
|     Plaintiffs-Appellants-Cross Respondents, | ) | 2013 Opinion No. 142 |
|  | ) |  |
|  | ) | Filed: December 31, 2013 |
| v. | ) |  |
|  | ) | Stephen W. Kenyon, Clerk |
| JAMES C. KVAMME and DEBRA KVAMME, | ) |  |
|  | ) |  |
|  | ) |  |
|     Defendants-Respondents-Cross Appellants. | ) |  |
|  | ) |  |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Jon Shindurling, District Judge.

The order of the district court is <u>affirmed</u>. Costs on appeal are awarded to Respondents.

Manwaring Law Office, PA, Idaho Falls, attorney for Appellants. Kipp Manwaring argued.

Justin R. Seamons, Idaho Falls, attorney for Respondents. Justin R. Seamons argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

Leo and Kathleen Campbell (the Campbells), appeal the district court's denial of their motion for reconsideration of the district court's grant of summary judgment to James and Debra Kvamme (the Kvammes). The Campbells and the Kvammes own adjoining land and dispute whether a fence between their respective properties constitutes the true boundary of their land. The district court found that a land survey submitted by the Campbells lacked adequate foundation to be admissible and thus awarded the Kvammes summary judgment. The Campbells

1

filed a motion for reconsideration accompanied with the affidavit of their land surveyor. The district court denied their motion for reconsideration. The Campbells appeal, the sole issue being whether the district court abused its discretion when it disregarded the affidavit of their land surveyor in their motion for reconsideration. The Kvammes cross-appeal and argue the district court's grant of summary judgment can be sustained on the alternate theories of adverse possession and boundary by agreement or acquiescence.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, the Campbells, and defendants, the Kvammes, own parcels of real property located in Section 17, Township 3 North, Range 38 East of the Boise Meridian, Bonneville County, Idaho. The north boundary of the Campbells' parcel is contiguous with the south boundary of the Kvammes' parcel. Between the parties' respective parcels of land is a fence. The Campbells allege that the fence does not sit on the actual boundary line of the property, but instead they allege that the actual boundary line is about fifteen feet north of the fence.[1] Meanwhile, the Kvammes maintain that the fence is the actual boundary line between the parties' respective parcels of land. Neither party knows when the fence at issue was erected. But the fence has been in its present location since at least 1950. Leo Campbell testified that he believes the fence has been in place since before 1919.[2]

The Campbells filed a complaint on June 30, 2010, to quiet title to the fifteen feet of property north of the fence. On July 27, 2010, the Kvammes filed an answer and counterclaim in which the Kvammes maintained that the fence was positioned at a point equidistant of a nominal

[1] At some time before the initiation of this suit, the Kvammes installed a center irrigation pivot on the north side of the fence, on the disputed parcel of land, designed to irrigate the land. The Kvammes allege that the Campbells knew of the location of this pivot and the pump, discussed its placement with the defendants and observed the installation. The Kvammes allege on appeal that the Campbells' "goal in this case is to take the [Kvammes'] pivot, if not in whole, then at least in part—that is the 'pump, anchor pad, and mainline.' Again, the pivot was designed and engineered to irrigate both [the Kvammes' and Campbells' property]." (Emphasis omitted).

[2] The Campbells own two contiguous parcels of property, one is a small parcel with their home and the other is a larger twenty-two acre parcel. The Kvammes are owners of the N1/2 of the NE1/4 of Section 17 (hereinafter "NE1/4"), which is adjacent to the Campbells' property. Hyrum and Charlotte Campbell were the prior owners of the NE1/4. Either prior to or during Hyrum Campbells' ownership of the NE1/4, a fence was erected. It is alleged that the fence was merely for the convenience of controlling horses and livestock. Following the death of Hyrum Campbell, his widow conveyed the S1/2 of the NE1/4 to Leo and Phyllis Campbell. Hyrum's widow also conveyed the N1/2 of NE1/4 to Mary and Delbert Killian. Leo and Phyllis Campbell conveyed their portion of property to their children Leo and Kathleen Campbell. Later, the Killians conveyed their parcel to the Kvammes. In 2008, the Kvammes installed a center pivot irrigation system. A portion of the center pivot pad, pump, and mainline encroach on the disputed parcel of land. In 2009, the Campbells obtained the Thompson survey of their land, which found that the boundary line of their property was 15 feet north of the fence. The Campbells requested the Kvammes to remove their encroachments. The Kvammes sued to quiet title.

quarter section, which manifested the creation of a partition fence. Or in the alternative, the Kvammes argue that the fence was the agreed upon boundary of the property.

On May 17, 2011, the Campbells filed a motion for partial summary judgment. In support of the Campbells' assertion that the boundary of their property is fifteen feet north of the fence, the Campbells submitted an affidavit of their attorney with a copy of a survey performed by Kevin Thompson of Thompson Engineering. The Campbells rely on that survey to demonstrate that the fence lies within their property and not on the actual boundary. On July 7, 2011, the Kvammes filed a motion for summary judgment. The district court heard the motions for summary judgment on September 12, 2011. In support of the Kvammes' assertion that the fence is the actual or agreed upon boundary of the properties, the Kvammes supported their argument with the affidavit of Kim H. Leavitt. Leavitt is a professional land surveyor in Idaho. Leavitt determined that based on the original survey of Section 17 in 1877, the fence, which is exactly 3,960 feet from the southeast corner of Section 17, is the exact boundary line between the parcels of land owned by the Campbells and the Kvammes.

The district court granted the Kvammes' motion for summary judgment on the basis that the survey submitted by the Campbells, supported merely by the affidavit of their attorney, lacks a proper foundation. Therefore, the district court concluded that the Campbells failed to set forth specific facts demonstrating a genuine issue for trial. Based on the evidence the district court perceived as being properly before it, it determined that the fence sat on the true boundary line between the Kvamme parcel and the Campbell parcel. The district court entered its Judgment and Decree of Quiet Title in favor of the Kvammes on November 3, 2011.

On November 15, 2011, the Campbells filed a Motion for Reconsideration. The Campbells maintained that on a motion for reconsideration, the district court must consider new evidence and its impact on the order. The Campbells filed the Affidavit of Kevin Thompson, who performed the survey on which the Campbells relied, and argued that the affidavit provided the necessary foundation for the admissibility of the survey. The Campbells argued the district court was required to reconsider its order in light of the affidavit of Thompson. On November 22, 2011, the Kvammes objected to the motion for reconsideration.

The district court denied the Campbells' motion for reconsideration on December 21, 2011. The district court concluded that though the Campbells urged it to reconsider its order in light of new evidence supplied with its motion, there was in fact no new evidence supplied with

3

the motion. The district court concluded that the affidavit of Kevin Thompson was not new evidence because that evidence was known to the Campbells as early as May of 2011 when summary judgment was first sought, and the Thompson affidavit was also known by them in June of 2010 when they first filed their complaint based on the Thompson survey. The district court noted that this affidavit, pursuant to Rule 56(c) of the Idaho Rules of Civil Procedure and the scheduling order, was required to have been supplied months before the motion for reconsideration. Therefore, the district court concluded that it was too late to submit the affidavit of Kevin Thompson.

On January 30, 2012, the Campbells filed a Notice of Appeal. The Kvammes filed a Notice of Cross Appeal on February 15, 2012. The Campbells filed an Amended Notice of Appeal on March 2, 2012.

### III. ISSUES ON APPEAL

1. Whether the district court abused its discretion in denying the Campbells' motion for reconsideration when it disregarded the affidavit of Kevin Thompson submitted with their motion for reconsideration.

2. If so, whether the district court's grant of summary judgment can be affirmed on the alternate theories of adverse possession and boundary by agreement.

### IV. STANDARD OF REVIEW

An appeal from summary judgment is reviewed under the same standard a district court uses when granting a motion for summary judgment. *A & J Const. Co., Inc. v. Wood*, 141 Idaho 682, 684, 116 P.3d 12, 14 (2005). Under Rule 56(c) of the Idaho Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." If the evidence reveals no disputed issues of material fact, then summary judgment should be granted. *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 718–19, 918 P.2d 583, 587–88 (1996). In making this determination, "all disputed facts are liberally construed in favor of the non-moving party." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991). Summary judgment proceedings are decided on the basis of admissible evidence. *Heinze v. Bauer*, 145 Idaho 232, 236, 178 P.3d 597, 602 (2008). "The moving party is entitled to judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

4

# V. ANALYSIS

**A.    The Campbells have not appealed the district court's denial of their motion for reconsideration on all grounds on which it was granted.**

In its order denying reconsideration of the order granting the Kvammes' motion for summary judgment, the district court denied the Campbells' motion for reconsideration on two bases. The first was that the affidavit of Kevin Thompson was not new evidence. The second was that the affidavit of Kevin Thompson was not timely submitted pursuant to the court's scheduling order. According to the district court, the affidavit of Kevin Thompson "should have been submitted months ago." The district court's order denying the Campbells' motion for reconsideration in relevant part is as follows:

> While Plaintiffs are not required to present new evidence in a Rule 11(a)(2)(B) motion for reconsideration, their motion is based on the Court now considering the record of survey that was not properly before the Court on the previous motions. This evidence was known to the Plaintiffs in May of 2011 when they filed for summary judgment and was known to them when the Complaint was filed in this case in June of 2010. Based on Rule 56(c) of the Idaho Rules of Civil Procedure and also on the Court's scheduling order, the affidavit of Kevin Thompson should have been submitted months ago. Therefore, as the decision to grant or deny a motion for reconsideration rests in this Court's discretion, this Court finds that it is too late to now submit an affidavit that could have, and should have, been submitted months ago. To decide otherwise would essentially allow the Plaintiffs to not comply with the rules of civil procedure and the Court's scheduling order and roll the dice with a motion for summary judgment.

On appeal, the Campbells challenged the first reason given by the district court but not the second one.

Where a trial court grants summary judgment on two independent grounds and the appellant challenges only one of those grounds on appeal, the judgment must be affirmed. We will not even consider the ground that is challenged on appeal. As we recently reiterated in *AED, Inc. v. KDC Investments, LLC*, 155 Idaho 159, 307 P.3d 176 (2013):

> This Court has held that when a district court grants summary judgment on multiple independent grounds, the appellant must successfully challenge all of those grounds to prevail on appeal. For example, in *Weisel v. Beaver Springs Owners Ass'n, Inc.*, the plaintiff sought to rescind a contract on the ground of mutual mistake. 152 Idaho 519, 524, 272 P.3d 491, 496 (2012). The district court granted summary judgment for the defendant on two alternative grounds; merit, and second, that the mutual mistake claim was barred by the statute of limitations.

5

*Id.* at 525, 272 P.2d at 497. We held that "an appellant's failure to address an independent ground for a grant of summary judgment is fatal to the appeal," and declined to consider the claim. *Id.* at 525–26, 272 P.3d at 497–98 (citing *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005)). Even if the appellant shows that the district court erred in granting summary judgment on some of the grounds, the judgment must be affirmed on the grounds not properly appealed. *Andersen*, 141 Idaho at 746, 118 P.3d at 78 ("[T]he fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds.") (citation omitted). Thus, if an appellant fails to contest all of the grounds upon which a district court based its grant of summary judgment, the judgment must be affirmed.

*Id.* at 164, 307 P.3d at 181. Because the Campbells did not challenge on appeal the district court's denial of their motion for reconsideration on the ground that their expert witness was not timely disclosed under the court's scheduling order, the judgment must be affirmed on appeal regardless of whether the district court erred in its ruling that the affidavit of Kevin Thompson was not new evidence.

## B.     The Kvammes' cross-appeal is improperly before this Court.

The Kvammes cross-appeal and argue that in the event the district court's grant of summary judgment for failure to grant reconsideration is reversed, the grant of summary judgment can be sustained on the alternative grounds of adverse possession or boundary by agreement or acquiescence. The district court did not make any decision, findings, or conclusions on the issues of adverse possession or boundary by agreement or acquiescence, so there is no adverse decision from which to appeal. Idaho Appellate Rule 4 provides that "[a]ny party aggrieved by an appealable judgment, order or decree . . . may appeal such decision to the Supreme Court as provided in these rules." Here, the Kvammes' cross-appeal does not appeal a judgment but merely asserts an alternative basis on which the Campbells' appeal could be disposed. Thus, the Kvammes' cross-appeal is improperly before this Court.

## C.     Neither party is entitled to attorney fees on appeal.

Both parties request attorney fees on appeal pursuant to I.A.R. 41(a), I.A.R. 35(b)(5), and I.C. §12-121. Idaho Appellate Rule 41 provides "any party seeking attorney fees on appeal must assert such a claim as an issue presented in the first appellate brief filed by such party...." Both parties raised and requested attorney fees in their first briefs.

The Court is permitted to award fees to a prevailing party in certain limited circumstances as authorized by I.C. § 12–121. *Owner-Operator Indep. Drivers Ass'n v. Idaho Pub. Utils.*

*Comm'n*, 125 Idaho 401, 408, 871 P.2d 818, 825 (1994). But attorney fees are not awardable as a matter of right. *Id.* They should only be awarded when the court believes "that the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *Id.* Attorney fees will not be awarded for arguments that are based on a good faith legal argument. *E.g.*, *Backman v. Lawrence*, 147 Idaho 390, 401, 210 P.3d 75, 86 (2009).

Neither party is entitled to attorney fees on appeal. The Kvammes prevailed on the Campbells' appeal, but the Kvammes' cross-appeal was frivolously pursued. Thus, neither party is the prevailing party and neither party is entitled to attorney fees on appeal.

## VI. CONCLUSION

The district court's summary judgment and its order denying reconsideration are affirmed. The Kvammes' cross-appeal is improperly before this Court. Finally, neither party is entitled to attorney fees on appeal. Costs on appeal are awarded to the Kvammes' as the prevailing party.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.