# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42313

PATH TO HEALTH, LLP, an Idaho limited liability partnership, )

    Plaintiff-Appellant, )    Boise, February 2016 Term

v. )    2016 Opinion No. 115

DAREN LONG, an individual residing in Idaho, ALL-IN, INC., dba RE/MAX ALL-IN REALTORS, a real estate company incorporated in Idaho, )    Filed: November 2, 2016

    Stephen Kenyon, Clerk

    Defendants-Respondents, )

and )

JOSEPH SCOTT CANNON and MEGAN CANNON, husband and wife, )

    Defendants. )

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

The judgment of the district court is <u>affirmed</u> in part, <u>reversed</u> in part, and the case is <u>remanded</u> for further proceedings consistent with this opinion.

Petersen Moss Hall & Olsen, Idaho Falls, for appellant. Nathan Olsen argued.

Carey Perkins LLP, Idaho Falls, for respondents. Dina L. Sallak argued.

---

HORTON, Justice.

This is an appeal from the district court's grant of summary judgment dismissing negligence, contract, and fraud claims brought by Path to Health, LLP ("Path") against Daren Long and ALL-IN INC. dba RE/MAX ALL-IN REALTORS (collectively "Realtors"). Path's claims are based on the allegation that Long misrepresented that property Path purchased was zoned for commercial use when it was actually zoned for residential use. We affirm in part, reverse in part, and remand.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Path is a "holistic health" business based in Idaho Falls. Long is a real estate broker and his agency is the co-defendant corporation. In May of 2011, Path engaged Realtors' services to locate a property where it could operate its business. Long showed Path's principals, Dave and Troy Carpenter, various properties. A condominium designed for use as a commercial office space (the Property) was among the properties he showed them. The Property was one of four units and was owned by Joseph and Meagan Cannon. The Cannons were operating a business on the Property. According to the Carpenters, they asked Long about zoning and Long told them that he had checked the zoning and repeatedly assured them that they would be fine.

Troy Carpenter, acting on behalf of Path, executed a Buyer Representation Agreement with Realtors dated May 18, 2011. Path alleges that Long presented the Buyer Representation Agreement after May 18th, and Carpenter executed the backdated document. By way of a standard "Real Estate Purchase and Sale Agreement" (REPSA), also dated May 18, 2011, and signed by Troy Carpenter, Path made an offer to purchase the Property for $120,000. The Cannons accepted the offer on May 23, 2011, and the transaction subsequently closed.

After purchasing the Property, Path attempted to obtain a permit for signage. It was then that Path learned that the Property was not zoned for commercial use and that previous businesses had operated under conditional use permits which could not be transferred. Path then applied for, and received, a conditional use permit. Thereafter, Path sought to rescind the purchase of the Property, citing concerns about future permitting and the cost of converting the Property into a residence.

Path's initial complaint named only the Cannons as defendants. The lawsuit settled in mediation. As part of the mediated resolution, the sale was rescinded and Path returned the Property to the Cannons.[1]

Path filed an amended complaint and demand for jury trial in which it added Realtors as defendants. The amended complaint alleged breach of contract, negligence per se, violation of the Consumer Protection Act, breach of the duty of good faith and fair dealing, and misrepresentation. Realtors moved for summary judgment as to all of Path's claims. Path's response to Realtors' motion included a "Statement of Additional Material Facts" (Statement of

---

[1] Path claims that the Cannons assigned any claims they had against Realtors to Path. However, Path has not asserted any claims that the Cannons may have advanced.

Additional Facts), which contained excerpts of various depositions, including the depositions of Dr. Karie Jonak and Carla Elliot. Realtors moved to strike the deposition excerpts, arguing they could not be considered because they were submitted without supporting affidavits.

On March 24, 2014, the district court issued its memorandum decision and entered judgment dismissing Path's claims with prejudice. The district court found that it could not consider the Statement of Additional Facts because the materials were not supported by a sworn statement. Regarding Path's breach of contract claim, the district court determined that the Buyer Representation Agreement expressly provided that Realtors had no duty to investigate zoning so no contractual duty could have been breached. It further held that, under the terms of Idaho Code section 54-2087, Realtors owed Path no duty to investigate zoning in the absence of a written commitment to do so. The district court determined that Realtors had no statutory duty to investigate zoning and Path's negligence claim was barred by the economic loss rule. As to Path's misrepresentation claim, the district court held that Path could not have reasonably relied on any alleged misrepresentation because the Buyer Representation Agreement explicitly stated that Realtors would not investigate zoning.

Path sought reconsideration. Its motion was accompanied by additional evidence, which Realtors moved to strike. The district court denied Path's motion, holding that it could not consider additional evidence because a final judgment had been entered, meaning that the only avenue for reconsideration was Idaho Rule of Civil Procedure 59(e).[2] The district court held that judicial estoppel barred Path from asserting that the Buyer Representation Agreement did not apply because it had taken a contrary position by bringing a breach of contract claim based upon the agreement. The district court further found that any damages could not have been caused by Realtors because Path contractually assumed the duty to investigate zoning. Path timely appealed.

---

[2] Because Path has not challenged this decision, we do not consider the additional evidence in this appeal. We note that the district court erred in this holding. Path's motion to reconsider was filed fourteen days after entry of the judgment. Idaho Rule of Civil Procedure 11(a)(2)(B) provides: "A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment." "The court must consider new evidence bearing on the correctness of a summary judgment order if the motion to reconsider is filed within fourteen days after a final judgment issues." *Kepler-Fleenor v. Fremont Cnty.*, 152 Idaho 207, 210, 268 P.3d 1159, 1162 (2012).

3

## II.     STANDARD OF REVIEW

"An appeal from summary judgment is reviewed under the same standard a district court uses when granting a motion for summary judgment." *Campbell v. Kvamme*, 155 Idaho 692, 695, 316 P.3d 104, 107 (2013). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "The facts are to be liberally construed in favor of the non-moving party." *Blackmore v. Re/Max Tri-Cities, LLC*, 149 Idaho 558, 561, 237 P.3d 655, 658 (2010). However, the party opposing summary judgment "may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[3] I.R.C.P. 56(c).

"Summary judgment proceedings are decided on the basis of admissible evidence." *Campbell*, 155 Idaho at 696, 316 P.3d at 108. "The admissibility of the evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold question to be answered before applying the liberal construction and reasonable inferences rule to determine whether the evidence is sufficient to create a genuine issue for trial." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007). "This Court applies an abuse of discretion standard when determining whether testimony offered in connection with a motion for summary judgment is admissible." *Id.* at 15, 175 P.3d at 177. "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008).

---

[3] Although Path has not identified this as an issue on appeal, we note that the district court stated:

> In cases such as the instant action, where the standard of proof required of the plaintiff at trial is clear and convincing evidence, the Idaho Supreme Court has been urged to adopt a standard "which would require the trial courts to take that quality and quantity of evidence into account when ruling on motions for summary judgment." *G & M Farms v. Funk Irr. Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991).

It is unclear why the district court made this observation because it does not appear to have held Path to a higher evidentiary burden. Nevertheless, we take this opportunity to reiterate our holding in *G & M Farms*. There, we rejected the approach which had been urged upon us and which the district court noted. We expressly refused to apply a different evidentiary standard in summary judgment proceedings to claims which must be proved by clear and convincing evidence. 119 Idaho at 518, 808 P.2d at 855 ("the traditional I.R.C.P. 56(c) summary judgment principles and standards govern the granting of summary judgment on the issues of fraud and intentional misrepresentation").

## III.    ANALYSIS

Path contends that the district court erred by deciding the deposition excerpts contained in its Statement of Additional Facts were inadmissible. Path also challenges the district court's dismissal of its negligence, breach of contract, and fraud claims. We address these claimed errors in turn.

### A. The district court did not abuse its discretion by not considering the deposition excerpts.

In opposition to Realtors' motion for summary judgment, Path submitted the Statement of Additional Facts, which contained excerpts of depositions, including those of Dr. Jonak and Elliot. These excerpts took the form of photocopies of the cover pages of the depositions and selected pages and exhibits therefrom. The photocopied pages did not include any of the court reporters' certifications required by Idaho Rule of Civil Procedure 30(f), which provides that "[t]he officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony." Realtors moved to strike the deposition excerpts because they were submitted without affidavits. The district court agreed with Realtors, ruling "the deposition testimony is simply attached to an unsworn statement. Accordingly, the Court will not consider the Supplemental Statement."

On appeal, Path argues the district court erred by not considering the testimony of Dr. Jonak and Elliot, arguing that Idaho Rule of Civil Procedure 56(c) ("Rule 56(c)") permits a motion for summary judgment to be opposed with depositions. Realtors respond that the district court did not err by not considering the depositions because they were submitted without an affidavit or sworn statement in violation of Idaho Rule of Civil Procedure 56(e) ("Rule 56(e)").

Path is clearly correct when it states that Rule 56(c) permits a party to use deposition testimony to resist a motion for summary judgment. The Rule states, in relevant part: "The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." In *McCoy v. Lyons*, 120 Idaho 765, 820 P.2d 360 (1991), this Court held that a party's reliance on their "own depositions, which were part of the record, to refute the arguments of the moving party based on those same depositions," was permissible. *Id.* at 770, 820 P.2d at 365 (footnote omitted). We stated: "As long as the non-moving party relies on statements that are based on personal knowledge and which would be admissible as evidence at trial and does more than rest on mere allegations or denials in his pleading, it will be considered sufficient to comply with Rule 56(e)." *Id.* at 771, 820 P.2d at 366. In *Esser Elec. v. Lost River*

*Ballistics Techs., Inc.*, 145 Idaho 912, 188 P.3d 854 (2008), we likewise noted: "A motion for summary judgment can be countered by sworn statements in the record that comply with Rule 56(e) of the Idaho Rules of Civil Procedure. Those statements can be in affidavits, *depositions*, or in a verified pleading." *Id*. at 918, 188 P.3d at 860 (citations omitted).

However, although we agree with Path on this basic proposition, Path's argument before this Court fails to account for the requirements of Rule 56(e), which provides:

> **Form of Affidavits--Further Testimony--Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

"The requirements of Rule 56(e) are intended to provide the trial court with sworn factual statements based on personal knowledge that are intended to be put on as evidence at trial." *McCoy*, 120 Idaho at 770, 820 P.2d at 365.

Although common sense and experience would suggest that the excerpts reflected the sworn testimony of witnesses given at a deposition, we cannot find that the district court erred by applying the governing rules of law. When Path's omission was drawn to the district court's attention, it was not free to excuse Path from the requirements of Rule 56(e). Although the trial court does have limited discretion to free a party from some of the requirements of Idaho Rule of Civil Procedure 56, this discretion is limited to relief from the Rule's time standards upon a showing of good cause. *See* I.R.C.P. 56(b)(3).

The deposition excerpts that Path appended to its Statement of Additional Facts failed to comply with Rule 56(e). They contain nothing to show that the testimony was provided under oath and lack the customary affidavit verifying their authenticity. We are unable to conclude that the district court failed to apply governing legal principles. For that reason, Path has failed to show that the district court abused its discretion.

**B. The district court did not err by dismissing Path's negligence claim based on the economic loss rule.**

"The elements of negligence include: duty, breach of that duty, causation, and damages." *Blackmore v. Re/Max Tri-Cities, LLC*, 149 Idaho 558, 561, 237 P.3d 655, 658 (2010). The district court dismissed Path's negligence claim because it found that Path's claim was barred by the economic loss rule and Realtors did not owe Path a duty to investigate the Property's zoning status. Path challenges both of these findings on appeal. We focus on the economic loss rule because we find that issue to be dispositive of Path's claimed error.

The economic loss rule is a judicially created doctrine that applies to negligence cases. This Court has applied the rule to cases "involving the purchase of defective personal property and real property." *Brian & Christie, Inc. v. Leishman Elec., Inc.*, 150 Idaho 22, 26, 244 P.3d 166, 170 (2010). "Unless an exception applies, the economic loss rule prohibits recovery of purely economic losses in a negligence action because there is no duty to prevent economic loss to another." *Blahd v. Richard B. Smith, Inc.*, 141 Idaho 296, 300, 108 P.3d 996, 1000 (2005). However, "[d]amages from harm to person or property are not *purely* economic losses." *Stapleton v. Jack Cushman Drilling & Pump Co. Inc.*, 153 Idaho 735, 742, 291 P.3d 418, 425 (2012) (emphasis original). "[E]conomic loss is recoverable in tort as a loss parasitic to an injury to person or property." *Duffin v. Idaho Crop Improvement Ass'n*, 126 Idaho 1002, 1007, 895 P.2d 1195, 1200 (1995).

The gist of Path's negligence claim is that Long provided inaccurate information as to the Property's zoning status, resulting in Path purchasing something that did not meet its needs. Path has identified the following damages: (1) "having to unnecessarily" purchase the Property, (2) "moving and relocation costs," (3) "lost business during the transition period," (4) "funds that Path paid to obtain the conditional use permit," (5) "costs made in improving and repairing the property," (6) "some of the funds that it paid toward the purchase price," and (7) "attorney fees and court costs incurred to reach resolution with Cannons [sic]." Significantly, Path has not alleged damages arising from harm to any person or property.

The Court of Appeals considered a similar set of facts in *Graefe v. Vaughn*, 132 Idaho 349, 972 P.2d 317 (Ct. App. 1999). There, the Graefes purchased a deli. The sellers' realtor prepared a Multiple Listing Service description of the deli "as a 'thriving business' [which] included in its inventory eight tables and twenty chairs. The listing also indicated that the premises had eight parking spaces." *Id.* at 349, 972 P.2d at 317. Following the purchase, the City of Twin Falls enforced the terms of the original building occupancy permit obtained by the

7

sellers, "which limited the deli shop to one table and take-out only." *Id*. The Graefes sued the realtor, who successfully moved for summary judgment. *Id*. at 349–50, 972 P.2d at 317–18. The single issue presented on appeal was whether the district court properly granted summary judgment as to the Graefe's claim of negligent misrepresentation. *Id*. at 350, 972 P.2d at 318. The Court of Appeals affirmed, finding that the claim was barred by the economic loss rule. *Id*. at 350–51, 972 P.2d at 318–19.

The Court of Appeals correctly decided *Graefe*. "Economic loss includes costs of repair and replacement of defective property which is the subject of the transaction, as well as commercial loss for inadequate value and consequent loss of profits or use." *Brian & Christie, Inc.*, 150 Idaho at 26, 244 P.3d at 170 (quoting *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 351, 544 P.2d 306, 309 (1975)). The damages claimed by Path are purely economic losses flowing from the purchase of property which failed to meet its expectations. Therefore, the district court did not err by dismissing Path's negligence claim.

## C. The district court erred by dismissing Path's breach of contract claim because Idaho Code section 54-2087 was incorporated into the Buyer Representation Agreement.

Path's appeal challenges the district court's decision to dismiss its contract claim. Path contends that (1) the district court erred in its application of the Buyer Representation Agreement, (2) there is an issue as to whether an alleged backdating of the Buyer Representation Agreement renders it unenforceable, and (3) there was an oral contract between the parties.

The district court applied the Buyer Representation Agreement in two ways when dismissing Path's contract claim. In its original decision, the district court determined that Realtors did not have a duty to investigate zoning under the terms of the Buyer Representation Agreement[4] or Idaho Code section 54-2087. On reconsideration, the district court held that, "to the extent Long voiced some opinion regarding zoning prior to closing, such is inconsequential

---

[4] The Buyer Representation Agreement provided:

> BUYER understands that Broker is qualified to advise BUYER on general matters concerning real estate, but is not an expert in matters of law, tax, financing, surveying, structural conditions, property inspections, hazardous materials, or engineering. BUYER acknowledges that Broker advises BUYER to seek expert assistance for advice on such matters. Broker cannot warrant the condition of the property to be acquired, or guarantee that all material facts are disclosed by the Seller. *Broker will not investigate the condition of any property including without limitation the status of* permits, *zoning*, location of property lines, square footage, possible loss of views and/or compliance of the property with applicable laws, codes or ordinances and *BUYER must satisfy themselves concerning these issues by obtaining the appropriate expert advice.*

and cannot be the proximate cause of any damages" because Path "contractually assumed the duty to determine zoning." Path argues that the district court erred by dismissing its contract claim by failing to account for duties that were incorporated into the contract by operation of Idaho Code section 54-2087.

"The elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages." *Mosell Equities, LLC v. Berryhill & Co.*, 154 Idaho 269, 278, 297 P.3d 232, 241 (2013). "This Court has held that 'it is axiomatic that extant law is written into and made a part of every written contract.' " *Robinson v. Joint Sch. Dist. No. 150*, 100 Idaho 263, 265, 596 P.2d 436, 438 (1979) (quoting *Fid. Trust Co. v. State*, 72 Idaho 137, 149, 237 P.2d 1058, 1066 (1951)). "Existing law becomes part of a contract, just as though the contract contains an express provision to that effect, unless a contrary intent is disclosed." *Primary Health Network, Inc. v. State, Dep't of Admin.*, 137 Idaho 663, 666, 52 P.3d 307, 310 (2002).

Idaho Code section 54-2087 specifies the duties that a brokerage owes its client after a buyer "enters into a written contract for representation in a regulated real estate transaction...." Among others, the brokerage owes duties to: "exercise reasonable skill and care" (I.C. § 54-2087(2)); "[disclose] to the client all adverse material facts actually known or which reasonably should have been known" (I.C. § 54-2087(4)(a)); and, "when appropriate, advis[e] the client to obtain professional inspections of the property or to seek appropriate tax, legal and other professional advice or counsel." (I.C. § 54-2087(4)(d)).

Idaho Code section 54-2086 establishes the duties owed to a customer who "is not represented by a brokerage in a regulated real estate transaction...." Among those duties is the requirement to disclose "all adverse material facts actually known or which reasonably should have been known...." I.C. § 54-2086(1)(d). The duties imposed by both statutes "are mandatory and may not be waived or abrogated, either unilaterally or by agreement." I.C. §§ 54-2086(3); 54-2087(8).

Both statutes provide that a brokerage has no duty to "conduct an independent inspection" or "independently verify the accuracy or completeness of any statement or representation" made about the property. I.C. §§ 54-2086(5); 54-2087(7). Idaho Code section 54-2087(7) "expressly eliminates a duty" of independent investigation unless the parties otherwise

9

agree in writing. *Blackmore v. Re/Max Tri-Cities, LLC*, 149 Idaho 558, 563, 237 P.3d 655, 660 (2010).

These statutes establish that a brokerage has no duty to independently investigate the zoning status of property for the benefit of clients or customers. However, the absence of such a duty does not give a brokerage and its agents license to mislead clients by providing false information. To hold otherwise would be to eviscerate the statutory duties to exercise reasonable skill and care and disclose adverse material facts. Thus, we hold that Idaho Code sections 54-2086 and 54-2087 do not eliminate the duty not to make misrepresentations of material fact.

The Buyer Representation Agreement resulted in Realtors being subject to the duties imposed by Idaho Code section 54-2087. Accepting the truth of the evidence that Path presented, Long misrepresented to Path's principals that the zoning of the Property was consistent with Path's needs. This was sufficient evidence that Long breached a duty imposed by Idaho Code section 54-2087 to survive Realtors' motion for summary judgment.

The district court also concluded that Path's damages were not caused by Realtors' representations because Path contractually assumed a duty to investigate zoning. The issue of causation is generally a question of fact for the jury although the issue may be resolved on summary judgment "when reasonable minds could only come to one conclusion." *Fragnella v. Petrovich*, 153 Idaho 266, 272, 281 P.3d 103, 109 (2012). Here, a reasonable person could conclude that Realtors' misrepresentations were the proximate cause of Path's damages.

Additionally, the parties dispute whether Idaho Code section 54-2087 applies in tort or contract. Realtors contend that under this Court's analysis in *Sumpter v. Holland Realty, Inc.*, 140 Idaho 349, 93 P.3d 680 (2004), Path's "claims for breach of contract sound in tort and that there was, effectively, no contract action." In *Sumpter*, this Court determined whether the statute of limitations for contract or tort actions applied when the parties' contract included duties imposed by Idaho Code section 54-2087. *Id.* at 353, 93 P.3d at 684. There, we analyzed the issue as follows:

> As *Taylor* [*v. Herbold,* 94 Idaho 133, 483 P.2d 664 (1971)] states above, "[i]f the relation of the plaintiff and the defendants is such that a duty to take due care arises therefrom irrespective of contract and the defendant is negligent, then the action is one of tort." Citing the United States Supreme Court, this Court further held:
>
> > The distinction is that: If the cause of complaint be for an act of omission or nonfeasance, which, without proof of a contract to do

10

> what has been left undone, would not give rise to any cause of
> action (because no duty apart from contract to do what is
> complained of exists), then the action is founded upon contract,
> and not upon tort.

94 Idaho at 138, 483 P.2d at 669, quoting *Atlantic & P. Railway Co. v. Laird*, 164 U.S. 393, 399, 17 S.Ct. 120, 122, 41 L.Ed. 485, 487 (1896). *See also Hudson v. Cobbs*, 118 Idaho 474, 477–78, 797 P.2d 1322, 1325–26 (1990). It can also be said that if a cause of action for breach of a duty based on a contractual promise could also be maintained without the contract by virtue of a statutory or common law duty, then the action is founded upon tort, not contract. Because the duties owed by Holland were clearly statutory, the Sumpters must deal with these breaches in tort, not contract. As such, we affirm the district judge's determination that the four-year statute of limitations period of I.C. § 5-224 applies in this case (*see Jones v. Runft, Leroy, Coffin & Matthews, Chtd.*, 125 Idaho 607, 613, 873 P.2d 861, 867 (1994) (holding "[b]ecause there is no statute of limitations specifically governing negligence actions that do not involve personal injury or malpractice, we apply the four-year statute of limitations found in I.C. § 5-224")).

*Id*. at 353–54, 93 P.3d at 684–85.

The critical language in *Sumpter* is this: "if a cause of action for breach of a duty based on a contractual promise *could also be maintained without the contract by virtue of a statutory or common law duty*, then the action is founded upon tort, not contract." *Id.* at 354, 93 P.3d at 685. What we failed to recognize in *Sumpter* is that the duties imposed by Idaho Code section 54-2087 only arise when "a buyer or seller enters into a written contract for representation in a regulated real estate transaction." That is, the statutory duties would not exist without the existence of the contract. We hold that Path may pursue a claim for breach of contract because Idaho Code section 54-2087 is extant law that is effectively written into the Buyer Representation Agreement. Therefore, we reverse the district court's decision dismissing Path's claim for breach of contract.[5]

**D. The district court erred in dismissing Path's fraud claim because there are issues of fact as to whether Path justifiably relied upon Long's representations.**

"[T]o prove actual fraud, a plaintiff must show: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance

---

[5] Our decision on this point makes it unnecessary to address the parties' arguments relating to the alleged backdating of the Buyer Representation Agreement and Path's claim that there was an oral contract. We do note that Path did not claim that an oral contract existed in the proceedings before the district court.

11

by the hearer; (8) justifiable reliance; and (9) resultant injury." *Doe v. Boy Scouts of Am.*, 159 Idaho 103, 108, 356 P.3d 1049, 1054 (2015).

The district court determined that Path raised "disputed issues of fact as to alleged representations by Long, whether the representations were false, and whether they were material." However, the district court determined Path had not demonstrated a genuine issue of material fact that it had justifiably relied on the alleged misrepresentation that the Property was appropriately zoned because of language in the Buyer Representation Agreement and the REPSA.

Justifiable reliance is gauged by whether "[t]he plaintiff's reliance was reasonable under all the circumstances." IDJI 4.60. Considering all the circumstances of this case, we hold that Path has demonstrated a genuine issue of material fact as to whether its claimed reliance was justifiable. Although the Buyer Representation Agreement provided that it was Path's duty to investigate zoning, there is a factual question whether Path had signed the agreement before agreeing to purchase the Property. In his deposition, Troy Carpenter testified "I signed [the Buyer Representation Agreement] after we had already agreed to buy the property." Troy Carpenter represented that he signed and backdated the Buyer Representation Agreement and the REPSA on the "same date." Troy Carpenter claimed that he signed the documents after Long visited him, saying that he was in "big trouble." Troy Carpenter further testified that Long did not give him adequate time to review the documents and that Long asked him to backdate the agreements.

Path also presented testimony that Long represented that the property was zoned in accordance with Path's business needs. When asked about his initial visit to the Property, Dave Carpenter testified that Long told him Path would have "no problems" conducting business in the building. Dave Carpenter also testified that Long told him "at least three times" words to the effect that "I have checked on the zoning and you're okay." We hold that a reasonable finder of fact could conclude that a layperson may justifiably rely of multiple assurances from a realtor as to the zoning status of property. Thus, because there is a genuine issue of material fact as to whether Path justifiably relied on Long's representations, the district court erred in dismissing Path's fraud claim.

**E. We do not award either party attorney fees.**

Both parties request attorney fees on appeal under Idaho Code section 12-120(3). Realtors also request attorney fees under a provision of the Buyer Representation Agreement. Both Idaho Code section 12-120(3) and the contract provide for an award of attorney fees to the prevailing party. However, "this Court generally does not award attorney fees when it remands an action for a finding of material fact because it does not consider any of the parties to the appeal as having 'prevailed.' " *Melaleuca, Inc. v. Foeller*, 155 Idaho 920, 928, 318 P.3d 910, 918 (2014). Accordingly, we do not award either party attorney fees. Upon resolution of this case, the district court may award the prevailing party reasonable attorney fees incurred in connection with this appeal.

## IV. CONCLUSION

We: (1) affirm the district court's decision that the testimony of Dr. Jonak and Elliot was not admissible; (2) affirm the district court's dismissal of the negligence claim; (3) reverse the district court's dismissal of the breach of contract claim; and (4) reverse the district court's dismissal of the fraud claim. We remand for further proceedings consistent with this opinion. We do not award costs or fees on appeal.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.